# Court of Appeals.

## *June,* 1889.

## PEOPLE *v.* GIBLIN.

### MURDER.—INDICTMENT.—VERDICT.—EVIDENCE.

Under an indictment for murder drawn in the common-law form and in one count charging the killing to have been done willfully, feloniously and with malice aforethought, a conviction of murder in the first degree is sustained by the proof of the killing in the perpetration of a felony.

If such an indictment contains a plain and concise statement of the act constituting the crime, and the proof as to the manner in which it was perpetrated brings it within one of the statutory definitions of murder in the first degree, the requirements of the law are sufficiently met.

Upon a trial for murder it appeared that in a dispute between G., the husband of deceased, and defendant, as to the genuineness of a five-dollar bill which the defendant attempted to pass upon G. and which was declared by G. to be counterfeit, defendant raised a pistol and demanded the change of the bill. After the firing of several shots, two of which had struck G., deceased, coming into the place, went to her husband's assistance, seized hold the defendant from behind, and endeavored to rescue her husband. Defendant held his hand behind him, fired at her, and inflicted wounds from which she afterwards died. Immediately after the affray, the deceased, being then dying, identified him as the person who shot her. The pistol was never found. Several members of the family of G. testified that he

did not own a pistol. A belt to hold a pistol, but from which the pistol was missing, and ammunition, were found in the defendant's house. *Held*, that this evidence was sufficient to justify a verdict of murder in the first degree.

Upon cross-examination it is admissible to impeach defendant's credibility by showing facts which would connect him with a nefarious occupation,—*i.e.*, counterfeiting.

Appeal by defendant, Charles Giblin, from a judgment of Oyer and Terminer of New York County of June 28, 1888, Hon. GEORGE C. BARRETT presiding, entered upon a conviction of murder in the first degree.

The facts sufficiently appear in the opinion of the Court of Appeals.

*William F. Howe*, for defendant, appellant.

*John R. Fellows*, district-attorney (*McKenzie Semple*), for the people, respondents.

GRAY, J.—The defendant was convicted at a court of Oyer and Terminer, held in and for the city and county of New York, of the crime of murder in the first degree, for the killing of Madeline Goelz. From the sentence of death pronounced upon him he has appealed to this court, alleging various grounds in support of his appeal. The indictment was drawn in common-law form, and in one count charged the killing to have been done willfully, feloniously, and with malice aforethought. The defendant objected that such an indictment was not sufficient to sustain the conviction of the defendant for the offense of murder in the first degree while engaged in the commission of the felonious assault upon Valentine Goelz. He argues that the offense is defined by the statute in the alternative, as consisting of separate acts, and the indictment should have stated the circumstances constituting the offense according to the third alternative provision of section 183 of the Penal Code, which makes the killing of a human being murder in the first degree, when committed, without a design to effect

death, by a person engaged in the commission, of or in an attempt to commit, a felony. The objection to the indictment is untenable. A conviction of murder in the first degree, under such an indictment, is sustained by proof of a killing in the perpetration of a felony. People *v.* Conroy, 97 *N. Y.* 62; 2 *N. Y. Crim. Rep.* 565; People *v.* Willett, 102 *N. Y.* 254; 4 *N. Y. Crim. Rep.* 200. If the indictment contains a plain and concise statement of the act constituting the crime, and the proof as to the manner in which it was perpetrated brings it within one of the statutory definitions of murder in the first degree, the requirements of the law are sufficiently met. The various statutory changes in the definition of what may constitute the crime of murder have not affected, and have not been held to affect, the ordinary common-law counts in indictments for murder.

The evidence warranted the finding of the jury as to the guilt of the prisoner. He did not deny the killing, but claimed that it was done in self-defense. None of the witnesses of the occurrence testify to any fact which we think tends to corroborate or to give color of truth to his claim. They all agree upon the material facts, and the evidence compels the mental conviction that the prisoner was committing an unprovoked and unwarrantable assault upon Valentine Goelz, the husband of the deceased. In her attempt to aid her husband in his resistance to the assault upon him, she received her death wound from the pistol in the prisoner's hand. The testimony is abundant to establish that after the defendant's tender of the five-dollar bill in payment of his purchases, and when it was asserted to be a counterfeit by Valentine Goelz, defendant drew his pistol upon Goelz, demanding, with a threat, change for the bill During the scuffle which ensued between them, and after several shots had been fired, two of which had struck Goelz, the deceased came into the store, and at once rushed to her husband's assistance. She seized hold of defendant from behind, and endeavored to rescue her husband. Holding his hand behind him, the defendant fired at her, and the

bullet entered her abdomen, inflicting the wound from which she died on the day following. In the testimony of the police officer, who was drawn to the spot by the cries of the parties, we have a valuable corroboration of the case for the prosecution. He testified that he arrested the defendant, and, upon bringing him over to where the wounded woman lay, she identified him as the person who shot her, and said : " He shot my husband, and he shot me. I was trying to pull him away from my husband." This testimony is of considerable weight, as characterizing the attitude of the parties, and it was given immediately after the affray. The pistol was never found, and from the evidence it is fairly inferable that it was stolen by a by-stander. Several of the members of the Goelz family testified that Valentine Goelz did not own a pistol, and there was evidence of a belt to hold a pistol and ammunition being found at defendant's house, and from which the pistol was missing. After a careful consideration of the record, we are of opinion that not only was the evidence ample to sustain the verdict which the jury rendered, but that such a verdict was the only conclusion to which a fair and rational mind could come upon the case as it was developed.

The appellant alleges errors in the admission of evidence. We think none of the exceptions to be well taken. Upon the defendant's cross-examination the district attorney was permitted to interrogate him as to the possession of certain dies and plates, and also as to whether he had not visited an engraver, for the purpose of obtaining a die for the figure 5. He denied the visit, but admitted the possession of the dies and plates, which he endeavored to account for by stating that they were owned by him for innocent purposes. It was permissible to impeach the defendant's credibility by showing facts which would connect him with a nefarious occupation. It is an office of cross-examination to exhibit the improbabilities of the witness' story, and, in this case, we do not think that the prosecuting officer exceeded the proper bounds in his endeavor to show that the defendant

was not of such a character as to command entire confidence in his statements.   No other exceptions call for our consideration.

The defendant had a fair trial, and the case was submitted to the jury in a charge explaining the law ably and clearly, and presenting the facts fully, fairly, and dispassionately.

The judgment should be affirmed.

All concur, except FINCH, J., absent.