## NOAH ARMSTRONG V. THE STATE.

*No. 678.    Decided March 20.*

1. **Robbery—Evidence as to Motive.**—On a trial for robbery, where defendant was charged as an accomplice to the robbery, and it was shown that defendant was in debt, and that the purpose of the robbery was to obtain money, and that after the robbery defendant received part of the money, *Held*, competent for the State to prove that an execution against defendant was in the hands of the sheriff prior to the robbery, such evidence tending to show his financial condition, and also his motive for participating in the robbery.

2. **Same—Relevant Evidence.**—On a trial for robbery, where it was shown that the money taken was in $250 and $500 packages, *Held*, that in a conversation shortly after the robbery, between defendant and a friend, one or the other was heard to say,

"there is $500 in that package or roll," is competent, relevant, and pertinent testimony.

3. **Same—Evidence of Testimony of Defendant at Examining Trial.**—On a trial for robbery, the testimony of defendant before his arrest, at the examining trial of his confederates, where he had testified voluntarily, is legitimate and admissible testimony against him.

4. **Same—Argument of Counsel—Harmless Error.**—Defendant placed his wife upon the stand as a witness. On cross-examination, the State proposed to interrogate her with regard to firearms at her husband's house at the time of the robbery. Defendant objected, and the court sustained his objection. *Held,* that the comments and criticism of State's counsel, in argument to the jury upon defendant's objections to the introduction of this testimony, was legitimate. But if not, no error is shown, inasmuch as counsel was promptly checked by the court, and the jury were told not to consider such remarks.

5. **New Trial—Bias, Prejudice, and Opinion of Juror—Diligence.**—On a motion for new trial based upon the bias, prejudice, and the previously expressed opinion of one of the jurors relative to the case, *Held,* no ground for new trial, where it is shown that proper diligence to ascertain these matters was not exercised on the voir dire examination of the juror.

APPEAL from the District Court of Coleman.    Tried below before Hon. J. O. WOODWARD.

Appellant was convicted in the court below as an accomplice to robbery, the punishment being assessed at seven years in the penitentiary.

This is the second appeal in this case, and the case will be found stated in Armstrong v. The State, 33 Texas Criminal Reports, 417.

*Randolph & Webb,* for appellant.

*Sims & Snodgrass* and *Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant, having been convicted of being an accomplice to robbery, prosecutes this appeal.  The motive for the alleged robbery and for the defendant's participation therein was for the purpose of obtaining money.  Evidence was adduced, showing that a large amount was procured in the robbery, and that defendant received a part thereof.  It was shown, that after the robbery he paid a number of debts; and in our opinion, it was competent for the State to show that the sheriff had an execution against defendant prior to the robbery, as a circumstance indicating his financial condition at the time, and to show motive on his part for participating in the robbery.  Defendant assigns as error the admission of the testimony of Sam Epperson as to a conversation between Sparks and defendant, shortly after the robbery, in which one or the other said, "There is $500 in that package or roll."  Sparks is shown to have been a friend of defendant, and to have paid out money for defendant after the robbery.  The money taken from the express company was in $250 and $500 packages.  We think the testimony relevant and pertinent.

It appears from the record, that before his arrest appellant testified in the examining trials of Teague and Alexander, the parties alleged to have committed the robbery. This testimony, over appellant's objection, was introduced by the State against him. It is urged that this was error, because the defendant was not warned, when he testified, that this evidence might be used against him. It is shown that he testified willingly. It was his privilege to refuse to testify, on the ground that the testimony might be used against him, and he could have refused to answer any question which, to his mind, might tend to criminate him. He urged no such ground. The evidence was admissible. Boyett v. The State, 26 Texas Crim. App., 705.

Nor, in our opinion, was any error committed by the attorney for the State animadverting on the fact that the defendant had refused to permit Mrs. Armstrong, the wife of appellant, to be interrogated as to arms at her husband's house at the time of the robbery. The defendant put her on the stand, and had examined her as to other matters, when the State, on cross-examination, proposed to interrogate her on the matter stated. Defendant objected, and the court sustained the objection. The attorneys for the prosecution, in the argument, alluded to this as a suppression of evidence which it was in the power of defendant to produce, or to have permitted its introduction, but that he interposed an objection to it. If the effect of her testimony had not been criminative, unquestionably no objection would have been interposed, and in our opinion, it was the subject of legitimate criticism. As was said in the Mercer case, 17 Texas Criminal Appeals, 467, by the court, in speaking as to remarks of counsel on the failure of defendant to produce his wife to explain certain criminative facts: "It was not within the power of the prosecution to adduce her testimony, because, being the defendant's wife, she was not permitted, under the law, to testify against him in this case. He alone could call for her testimony, and compel its production. Her knowledge of the facts, whatever that might be, was at his command, was within his reach, and without he produced it, or consented for its production, it was a sealed book, which no human tribunal had the power to open against him. Under these circumstances, we think the prosecuting attorney was justified in the remarks complained of, and that the court did not err in its action in relation thereto." But even conceding in this case that the criticisms of counsel were not warranted, he was promptly checked by the court, and the jury were told not to consider such remarks.

Nor do we think there was any error in the charge of the court as complained of by appellant. The charge was full and fair, and covered every phase of the case; and the charges which were pertinent to the case, asked by appellant, were rightly refused, as the points were already embraced in the charge given by the court.

In motion for a new trial, appellant produced before the court the affidavits of two persons, to the effect that Patterson, one of the jurors who tried the case, had some time previous thereto made expressions

with regard to the accusation against the defendant. The affidavit of Rowland showed that at one time, after Teague had been convicted, Patterson said to him, "Noah [meaning Noah Armstrong] was bound to be guilty, too." The affidavit of Mann shows, that after the conviction of appellant on a former trial Patterson said, that "Noah Armstrong had better take his five years, and go on; that if he got it reversed and they got another lick at him, they would send him for a longer term than five years." The counsel for appellant made an affidavit in connection with the application for a new trial on this question, but he does not show that he used proper diligence by asking this juror, Patterson, the questions authorized by statute, as to whether or not he had formed an opinion as to the guilt or innocence of the defendant. Simms v. The State, 8 Texas Crim. App., 230. But conceding that proper diligence had been used in testing the juror, the issue as to the competency of the juror was made before the court on the motion for a new trial. The juror himself, by his affidavit, controverts the affidavits of Rowland and Mann, and also swears, that prior to being taken on the jury he had never heard any of the facts of the case, had formed no opinion as to the guilt or innocence of the defendant, and had no prejudice against him, and the court was furnished with a number of affidavits as to his credibility and honesty. The issue as to the impartiality of the juror was fairly presented to the court, and decided against appellant, and we think correctly so.

The remaining contention of appellant, that the evidence does not support the verdict, because there is no testimony, aside from that of the accomplice, Alexander, tending to connect the defendant with the commission of the crime, we think is without any foundation. An examination of the record shows, that the testimony of the accomplice is corroborated by a number of independent and material facts tending to connect the appellant with the commission of the crime charged against him.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.