## Geo. H. Turner v. The State.

### No. 3186. Decided October 25, 1905.

**1.—Murder—Change of Venue—Affidavit of Compurgators—Postponement.**

On a trial for murder where the motion for change of venue was not supported by the affidavit of two compurgators as required by the statutes, the same was insufficient and the court did not err in refusing to postpone the case, that defendant might secure such affidavit.

**2.—Same—Continuance—Witness Beyond Jurisdiction—Testimony Probably Untrue.**

On a trial for murder where the application for a continuance showed that the witnesses were beyond the jurisdiction of the court, and the testimony of others was probably not true in the light of the record, there was no error in overruling the motion.

**3.—Same—Insanity—Charge of Court—Approved Forms—Special Charge.**

On trial for murder where the charge on insanity is in accord with the approved form as laid down by many decisions of this court, the court did not err in refusing appellant's special charge on insanity.

**4.—Same—Temporary Insanity—Charge of Court.**

See opinion for case where it was held not error in failing to charge on temporary insanity.

**5.—Same—Murder in First and Second Degree—Charge of Court—Robbery.**

On trial for murder where the evidence showed that the crime was committed in the attempted perpetration of robbery, the same precluded any other issue than murder in the first degree, and there was no error in the refusal of the court to charge on murder in the second degree.

**6.—Same—Expert Witnesses—Limiting Testimony.**

On trial for murder where there was no way in which the testimony of expert witnesses on insanity could have been limited, it must be considered by the jury as other testimony and a requested charge limiting the same was correctly refused.

**7.—Same—Sweat-box Confession—Controvening Testimony.**

On trial for murder there was no error in admitting the confession of the defendant over objection by him that the confession had been extracted through a sweat-box process, the evidence showing that this was not true and that the defendant was duly warned and voluntarily confessed.

**8.—Same—Articles Found on Defendant—Evidence.**

On a trial for murder there was no error in the introduction in evidence of all the articles found in appellant's house where they corresponded in character and kind with articles found at the scene of the homicide.

**9.—Same—Absent Witnesses, Whereabouts Of.**

On a trial for murder there was no error in the court permitting witnesses to testify as to the whereabouts of the absent witnesses.

**10.—Same—Evidence—Remote Circumstances.**

On trial for murder there was no error to admit testimony that about three weeks before the homicide, defendant stated that his furniture was mortgaged and that he needed money, etc.; other evidence showing that the murder was perpetrated in the commission of robbery.

**11.—Same—Evidence—Neck-tie—Identity.**

On trial for murder there was no error to permit a witness to testify that the necktie exhibited to him looked like the one owned and worn by defendant, the witness having identified the necktie as being the one he saw appellant have just prior to the homicide.

**12.—Same—Tracks—Evidence—Non-Expert Testimony.**

On a trial for murder it was admissible to show that the shoes exhibited to the witness would make the same kind of track as those found near the place of the homicide.

**13.—Same—Motion in Arrest of Judgment—Copy of Indictment—Foreman.**

On a trial for murder where the record does not bear out the contention that defendant was not served with a true copy of the indictment,. and that the verdict of the jury was not signed by the foreman, the same cannot be considered.

**14.—Same—Fact Case—Death Penalty.**

On a trial for murder where the evidence irresistibly led to the guilt of the defendant a judgment inflicting the death penalty will not be disturbed.

Appeal from the District Court of Bexar. Tried below before Hon. Edward Dewyer.

Appeal from a conviction of murder in the first degree; penalty, death.

The opinion states the case.

*R. L. Watkins, T. M. West & W. N. Camp,* for appellant.—On question of change of venue: See Code Crim. Proc., art. 613; Steagald v. State, 22 Texas Crim. App., 464; Massey v. State, 31 Texas Crim. Rep., 371; Gallagher v. State, 40 Texas Crim. Rep., 296; Faulker v. State, 65 S. W. Rep., 1093; Cortez v. State, 69 S. W. Rep., 536; Smith v. State, 77 S. W. Rep., 453; Banes v. State, 59 S. W. Rep., 882; Alarcon v. State, 83 S. W. Rep., 1115.

On question of continuance: Perez v. State, 13 Ct. Rep., 453; Harris v. State, 18 Texas Crim. App., 287; Irvine v. State, 20 Texas Crim. App., 12; Frazier v. State, 22 Texas Crim. App., 120; Richardson v. State, 28 Texas Crim. App., 216; Hyden v. State, 31 Texas Crim. Rep., 401; Bumley v. State, 14 S. W. Rep., 1009; Baines v. State, 61 S. W. 314; Gallaher v. State, 34 Texas Crim. Rep., 306.

On question of special charge on insanity: State v. Quigley, 67 L. R. A., 322; Burt v. State, 38 Texas Crim. Rep., 397; Hurst v. State, 40 Texas Crim. Rep., 378; Williams v. State, 37 Texas Crim. Rep., 348; King v. State, 9 Texas Crim. App., 515.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of murder in the first degree, and his punishment assessed at death. The testimony shows,

in substance, that Mrs. M. E. Lynch, who lived in the outskirts of the city of San Antonio, was killed on the 9th of March. At the time of the homicide she was alone in her residence, her husband being in California. Parties living near her residence heard her screams, and ran to the house. When they arrived there, they found her lying in the yard with her throat cut. The house showed evidence of a scuffle; the broken handle of a razor was found on the floor; blood was found spattered upon the floor. Diligent search was made for the perpetrator of the crime, and appellant was arrested. Appellant was traced through various pastures, and at one place, where he passed through a barbed wire fence, he lost his white neck-tie, which had blood upon it. Appellant also had blood upon his clothes when arrested. Upon the premises where the homicide occurred a slung shot was found, made by placing cloth around a door knob, which knob was of peculiar shape and form, and corresponded with one in appellant's house—one door showing a knob had recently been taken off; and the cloth corresponded with cloth found in appellant's house. The twine that was used in making the slung shot corresponded with twine found in appellant's house. After being duly warned by the officers, appellant confessed to perpetrating the crime. There are some other little circumstances connected with the matter, which we do not deem necessary to mention. The crime was perpetrated in an attempt to secure money from deceased.

Appellant filed a motion for change of venue, but the same was not supported by the affidavit of two compurgators, as required by the statute. This is necessary. O'Neal v. State, 14 Texas Crim. App., 582. Nor did the court err in refusing to postpone the case in order that appellant might secure affidavits. See O'Neal v. State, supra; White's Ann. Code Crim. Proc., sec. 670; Mitchell v. State, 43 Texas, 512; Wall v. State, 18 Texas, 683.

Appellant filed a motion for continuance, for want of the testimony of various parties. The court appended the following qualification to the bill presenting this matter: "1. Defendant's counsel waived the presence of Searcy Baker. 2. B. M. Worsham and Chas. Turner were both present at the trial and testified. 3. Dr. R. E. Fitzgerald was shown not to be in Tarrant County, had not seen the defendant for thirteen years, according to the application; and that he found he had fits of insanity, when the evidence shows that at that time defendant was in the penitentiary serving a life sentence for murder, and was rational and sane according to the Assistant Superintendent Regan, while there. Outside of the fact that in naming the witness Fitzgerald is given the appellation of "Dr." the application does not pretend to want to show that he was a medical expert, and as far as it goes, classes him as a non-expert to prove insanity of defendant, and is insufficient as it does not show the matters and things upon which he predicates his opinion that defendant is insane. 4. W. S. Pendleton was shown to be outside of the jurisdiction of the court, being out of the State.

5. A. W. Hirshfield was shown to be dead. Mrs. Hirshfield was shown to be out of the State. 7. The application for continuance was based on the absence of non-expert witnesses to prove insanity of defendant, who the evidence showed had not seen defendant for years, but was insufficient as it failed to show the matters and things upon which the said witnesses predicated their opinion that the accused was insane. Harrison v. State, 44 Texas Crim. Rep., 164; Shirley v. State, 37 Texas Crim. Rep., 475. And this also applies to the other witnesses for whom subpœnas were issued for during the trial, and that did not appear; and there was no newly discovered evidence made a ground in the motion for new trial." The application for continuance is very voluminous; and in the light of this record, if the witnesses had been secured, we do not think their testimony is probably true. Most of the witnesses were beyond the jurisdiction of the court. We do not think the court erred in refusing the continuance.

Appellant also insists that the court erred in his charge on insanity. The charge is in accord with the approved forms as laid down by many of the decisions of this court; and it follows, therefore, that the court did not err in refusing appellant's special charge on insanity.

Appellant further insists that the court erred in failing to charge on temporary insanity. In this there was no error.

Appellant insists that the court should have charged the jury to the effect that if a total want of responsibility on account of insanity be not shown, yet if the person's mind was so far impaired as to render him incapacitated to form a premeditated design to commit a homicide, they should convict of murder in the second degree. The charge of the court was full on murder in the first degree. There was no error in the court's refusal to charge on murder in the second degree. There was no character of evidence authorizing said charge: the murder having been committed in the attempted perpetration of robbery precluded any other issue than murder in the first degree.

Appellant's eighteenth assignment of error is, that the court erred in failing to limit the testimony of the expert witnesses introduced on the trial, as such an instruction limiting their testimony was asked by defendant. There is no way in which this testimony could have been limited. It was to be considered by the jury as other testimony. No charge was required in this particular.

His twenty-second assignment is, that the court erred in permitting Chas. F. Stevens and Geo. Shoaf over appellant's objection, to testify as to confessions made by defendant while he was under arrest and in jail, because both of these witnesses put defendant through a sweat-box process before they extracted the confession from him. The evidence contravenes this statement, and shows that after being duly warned, although under arrest he voluntarily confessed to the homicide.

Appellant reserved a bill of exceptions to the introduction of all the articles found in appellant's house, on the ground that it would prejudice him before the jury. This testimony was germane, since

articles there found corresponded in character and kind, as stated above, with articles found at the scene of the homicide. Among other articles there found was an empty razor-case; and a door knob; twine and cloth, all corresponding with similar articles found at the scene of the homicide.

Nor was there any error in the court permitting the witnesses to testify as to the whereabouts of the absent witnesses.

By bill of exceptions Number 31, appellant complains that the court permitted John English to testify that about three weeks before the homicide, appellant stated to said witness that his furniture was mortgaged; he needed money, and must have it, and did witness know of a place where he could get the money. Though a remote circumstance, this was admissible.

Appellant further objected to the court permitting Sam Rose to testify that the tie exhibited to him looked like the tie owned and worn by defendant. The testimony shows that the witnesses identified the tie as being the one he saw appellant have just prior to the killing.

Appellant further complains of the court permitting the State to prove by Walter Stevens, that the shoes exhibited to him would make the same kind of track as the tracks found in the pasture west of town, because the track was not shown to be defendant's track, but was simply the opinion of a non-expert witness and wholy inadmissible. The proof shows that where the tracks were seen, appellant had also been seen. This evidence was admissible.

Appellant also filed a motion in arrest of judgment on the ground that he was not served with a true copy of the indictment, and that the verdict of the jury was not signed by the foreman. The record does not bear out these insistences.

As presented by this record we find no error. We are irresistibly led to the conclusion beyond any reasonable doubt that appellant was the guilty perpetrator of this crime. He confessed it; and the record does not show any merit in his plea of insanity.

The judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]