COURT OF APPEALS,

April 15, 1913.

# THE PEOPLE v. GREGORIO PATINI.

(208 N. Y. 176.)

(1.) MURDER—EVIDENCE.

Upon the trial of a defendant charged with murder, it appeared that at the time of the homicide he was standing in front of a house with a loaded shotgun threatening to shoot persons who came out of the house. The brother of the deceased came out and defendant pointed his gun at him and threatened to shoot him unless he went back. He then started to go to the street, but the defendant kept his gun pointed at him. While doing so, the deceased came from the other side of the street and asked the defendant what he was doing and why he pointed the gun at his brother. The defendant replied, " You keep still, stay where you are, or I shoot you, too." As he said that he turned and shot the deceased, and then shot his brother. The deceased was killed, but the brother recovered from his wounds. *Held*, that the evidence was sufficient to warrant the jury in resting their verdict, convicting the defendant, upon the existence of a deliberate and premeditated design to effect the death of the deceased.

(2.) SAME—COMMITTED WHILE ENGAGED IN ANOTHER CRIME.*

The trial court charged the jury that if the proof justified their conclusion that the defendant shot the deceased with a deliberate and premeditated design to effect his death, they could find him guilty of murder in the first degree, and that they also had the right to convict him of that crime, if he was engaged in committing, or in attempting to commit, a felony upon the person of the brother of deceased at the time. The jury were further instructed that if the defendant pointed his gun at the brother of the deceased, at the same time threatening to shoot him if he did not stand still, it would constitute an assault in the second degree, which is a felony, and that, if in pursuance of his purpose to commit the assault, he shot and killed the deceased, he was guilty of murder in the first degree.

* See Note, vol. 24, p. 291.

*Held,* that the charge was correct; that the defendant was committing, or attempted to commit, an assault upon the brother of deceased by menacingly pointing his gun at him; that such assault was quite distinct from the homicide and was not merged therein; and that the minor felony committed upon the brother of deceased was independent of the homicidal act. (*People* v. *Hüter,* 184 N. Y. 237; *People* v. *Spohr,* 206 N. Y. 516, distinguished.)

(Argued March 7, 1913; decided April 15, 1913.)

APPEAL from a judgment of the Supreme Court rendered January 26, 1911, at a Trial Term for the county of Westchester, upon a verdict convicting the defendant of the crime of murder in the first degree.

The facts, so far as material, are stated in the opinion.

*James Dempsey* for appellant. The errors of the learned trial court, both in its rulings and charge, were numerous and fatal. (People v. Sullivan, 173 N. Y. 122.) The felony, if any, committed or attempted by appellant prior to and connected with the homicide was merged in the latter. (People v. Hüter, 184 N. Y. 237.)

*Francis A. Winslow, District Attorney (Lee Parsons Davis* of counsel), for respondent. The defendant was engaged in an independent felony at the time he killed the deceased. (People v. Sullivan, 173 N. Y. 122; Penal Law, § 1044; People v. Miles, 143 N. Y. 383; People v. Giblin, 115 N. Y. 196; Buel v. People, 18 Hun, 487; 78 N. Y. 492.)

GRAY, J. The defendant was indicted for the crime of murder in the first degree, committed by shooting Guiseppi Vasta with a shotgun. Being tried upon the indictment, the jury returned a verdict of guilty against him as charged. When the case was submitted to the jurors, the evidence was sufficient to warrant them in resting their verdict upon the existence of

a deliberate and premeditated design in the defendant to effect the death of the deceased; but, upon the facts disclosed, it was, also, possible for them to believe that the homicide was committed by the defendant, while he was engaged in the commission of, or in an attempt to commit, a felony upon another person. The Penal Law, (Section 1044), makes the killing of a human being, unless it is excusable, or justifiable, murder in the first degree, " when committed  *  *  *  without a design to effect death, by a person engaged in the commission of, or in an attempt to commit a felony, either upon or affecting the person killed or otherwise." As interpreted by our decision in People v. Miles, (143 N. Y. 383, 9 N. Y. Crim. 394), the word " otherwise " in the statute includes a felony upon a person other than the one killed. The indictment charged in one count that the killing was with a deliberate and premeditated design to effect the death of the deceased; but whether the jurors took that view of the case, or whether they believed that the defendant killed the deceased while engaged in the commission of a felonious assault upon a brother of the deceased, in either case, the indictment was good and the defendant could be convicted of the crime as charged. (People v. Sullivan, 173 N. Y. 122, 17 N. Y. Crim. 180.)

The evidence, so far as it is necessary to refer to it, in order to show the situation at the time of the homicide, may be briefly stated. The jurors could find the following facts to have been established. The defendant's sister, some time previously, had gone away with the son of a man named Punturo and, upon the afternoon of the day in question, the defendant went to the house in which Punturo resided, in the effort to ascertain the whereabouts of the couple. After remaining a few minutes with Punturo, the defendant left; but, shortly thereafter, returned with a loaded shotgun and placed himself in front of the house. Standing there, he threatened to shoot persons, who came out of the house, and compelled them to go inside.

According to the theory of his defense, he was defending himself against an apprehended attack by the inmates of the house, or by some of them. When Giovanni Vasta, the brother of the deceased, came out of the house and saw the defendant point his gun at him, he called out to him to " look out; there are people around here." The defendant said, " I don't care, I will shoot you too, unless you go back." Giovanni asked him, if he could not go home by the public street, that he was in a hurry. He started to do so and walked close to the fence, and away from the defendant; but the latter kept his gun pointed at him. While doing so, Giovanni's brother, Guiseppi Vasta, the deceased, came from the other side of the street and exclaimed to the defendant, " what are you doing, look out, what you point that gun to my brother for? " The defendant replied, " you keep still, stay where you are, otherwise I shoot you too." As he said that, he turned and shot Guiseppi and then shot Giovanni. Guiseppi was killed; but Giovanni recovered from his wounds. The defendant threw down his gun and ran away. The defendant testified in his own behalf and did not deny shooting the two men; but said that he believed they meant to do him " serious bodily harm." In submitting the case to the jury, the judge, presiding at the trial, instructed the jurors fully and fairly upon the law, as applicable to the crime charged and to the defense made by the defendant. He told them that, if the proof justified their conclusion that the defendant shot the deceased with a deliberate and premeditated design to effect his death, they could find him guilty of murder in the first degree and that they, also, had the right to convict him of that crime, if he was engaged in committing, or in attempting to commit, a felony upon the person of Giovanni, at the time. They were instructed that, if the defendant pointed his gun at Giovanni Vasta, at the same time threatening to shoot him, if he did not stand still, it would constitute an assault in the second degree, which is a felony,

and that if, in pursuance of his purpose to commit the assault, he shot and killed the deceased, he was guilty of murder in the first degree. The instruction was correct; but it is argued, in effect, for the defendant, upon the case—there being no exception taken by counsel to raise the question—that the felony of the assault upon Giovanni had ceased, or "merged in the homicide," and, consequently that the court should not have submitted to the jury the question of whether the defendant, at the time of the killing, was engaged in the commission of a felony. By this argument it is meant, probably, that the defendant was prejudiced, in that the jurors were precluded from finding murder in the second degree upon the basis of a killing without deliberation and premeditation. The charge bears no such interpretation. It pointed out, correctly and carefully, the difference between murder in the first degree and in the second degree, and the jurors could not have been misled. The cases of People v. Huter, (184 N. Y. 237, 20 N. Y. Crim. 36), and of People v. Spohr, (206 ib. 516), are cited; but the argument is without substance. When the facts of these cases are considered, it will, readily, be seen that the cases are not at all applicable. The rule was there stated to be that " to constitute murder in the first degree by the unintentional killing of another while engaged in the commission of a felony, * * * the other elements constituting the felony * * * must be so distinct from that of the homicide as not to be an ingredient of the homicide, indictable therewith or convictable thereunder." (p. 521.) In the present case, the defendant was committing, or attempted to commit, an assault upon Giovanni Vasta by menacingly pointing his gun at him and that assault was quite distinct from the homicide. When, because of the threatened interference of the deceased, the defendant turned his gun away from Giovanni, the felonious assault was interrupted, but had not ceased; for the defendant, after having shot the deceased, turned back and shot Giovanni. The minor

felony committed upon Giovanni was independent of the homi-
cidal act. The case does not differ, in its essential features,
from that of People v. Giblin, (115 N. Y. 196, 7 N. Y. Crim.
130.) In that case the defendant was indicted, in one count, for
the crime of murder in the first degree for the killing of
Madeline Goelz. The evidence showed that the homicide was
committed while the defendant was engaged in the commission
of a felonious assault upon the husband of the deceased. A
dispute had arisen between the husband and the defendant over
the genuineness of a five-dollar bill; in the course of which
defendant drew his pistol upon the former. The deceased came
into the store and, rushing to her husband's assistance, seized
hold of the defendant from behind. In that position, he fired
upon, and killed, her. We sustained the conviction of murder
in the first degree, upon the theory that the deceased received
her death wound in the attempt to aid her husband, upon whom
the defendant was committing an unwarrantable assault. The
case fell within section 183 of the Penal Code, whose provision
was the same as that of the present Penal Law, section 1044, in
degree of guilt between the two cases. If Giblin justly for-
feited his life, then was this defendant's conviction justly
merited; for his acts were characterized by greater delibera-
tion and design than were Giblin's.

I think the judgment should be affirmed.

WERNER, COLLIN, CUDDEBACK and MILLER, JJ., concur;
CULLEN, Ch. J., and HISCOCK, J., dissent.

Judgment of conviction affirmed.