JOHN F. MARTIN v. THE STATE.

No. 7084. Decided Feb. 28, 1923.

Rehearing Denied April 4, 1923.

**1.—Robbery—Evidence—Other Transactions.**

Where, upon trial of robbery, the State introduced testimony that several months after the robbery, a person, who bore the same name as defendant

described in the indictment, made large deposits of currency in certain two banks in the county of the prosecution, and also in connection therewith testimony of the finding in defendants house of certain bank books showing deposits in said banks, coupled with the fact that it was in evidence that there was but one account in each of said banks in the name of the defendant; that he had but a small amount of money before the robbery, and that thereafter he had large sums of money, there was no reversible error.

**2.—Same—Description of Money—Identification—Rule Stated.**

The objection that the money deposited in said banks was not identified with the money taken from the bank in the robbery is settled adversely to the defendant. Following Lancaster v. State, 31 S. W. Rep., 515, and other cases.

**3.—Same—Identification of Defendant—Evidence—Remoteness.**

Where, upon trial of robbery, one of the parties injured positively identified the defendant as the robber, and other witnesses are reasonably sure that defendant was the man, there was no error in introducing the testimony with reference to the deposits in the different banks and the other circumstances connecting defendant therewith, and the objection of remoteness only goes to the weight and not to the admissibility of the testimony.

**4.—Same—Newly Discovered Evidence—Want of Diligence.**

Where the motion for a new trial, setting up newly discovered testimony was controverted by the State, and was partly of an impeaching character, and moreover could have been obtained on the trial by reasonable diligence, there was no reversible error in overruling the motion.

**5.—Same—Rehearing—Practice on Appeal.**

Where, upon consideration of appellant's motion for a rehearing, this court is of the opinion that the cause is properly disposed of in affirming the judgment below, the motion is overruled.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of robbery; penalty, ten years imprisonment in the penitenitary.

The opinion states the case.

*H. C. Gerlach* and *H. H. Cooper* for the appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the Criminal District Court of Harris County of robbery, and his punishment fixed at ten years in the penitentiary.

From the record it appears that on the 19th day of January, 1921, the Citizens State Bank at Houston, Texas, was robbed. A customer named Kubola, who had just received payment of a check for $92 and was in the act of counting his money, was also robbed at the same time. The property taken from the bank consisted of about eleven or twelve thousand dollars in currency and approx-

imately the same amount in liberty bonds. There were two men engaged in the robbery, one standing at the outer door apparently for the purpose of keeping watch, and another who secured the money and directed all the employes and officials in the bank to go into the vault where they were locked up, Some little time was consumed in effecting their escape from the vault and during that time the robbers made their escape. The only questions here raised are those affecting the identification of appellant, and newly discovered evidence set up in the motion for new trial.

Appellant has four bills of exception, two of which complain that officers of the union National Bank and the First National Bank respectively, of said city, were permitted to testify that large sums of money were deposited in their banks to the credit of John F. Martin, it being shown that in one of said banks during March, 1921, and part of April that five or six thousand dollars was thus deposited; and in the other bank that in April, May and June amounts aggregating about nine thousand dollars most of which was in currency, was also deposited. Appellant made two motions asking that the testimony of said bank officers, which had been let in over his objection, excluded. The action of the trial court in admitting the testimony of the two witnesses and refusing the motion to exclude forms the basis of the only bills of exception in the record. The objections to said testimony were that the time of making said deposits was too remote from the time of the alleged robbery; that there was no identification of the money deposited with that taken in the robbery, and there was no identification of appellant as the party making such deposits. The objection that the money deposited was not identified with the money taken from the Citizens State Bank in the robbery is settled adversely to appellant in Lancaster v. State, 31 S. W. Rep., 515; Chapman v. State, 65 S. W. Rep. 1102; Roquemore v. State, 54 Texas Crim. Rep., 592, 99 S. W. Rep. 547. The officer searching the home of appellant in July, 1921, found among his effects two bank books, one showing deposits in the Union National Bank and the other in the First National Bank of the city of Houston. We are of opinion that the testimony of the finding in appellant's house of said bank books, coupled with the fact that it was in testimony from said bank officers that there was but one account in each bank in the name of John F. Martin, added to the fact that a large part of the money lost as well as that deposited to appellant's credit was currency, sufficiently identified the transactions as to justify the admission of testimony relative thereto. It was shown in testimony that appellant had but recently come to Houston from a prolonged absence and had engaged in the business of electrical wiring and that he was borrowing small sums of money from a friend prior to the date of the robbery in question; that he owed said party in the neighborhood of five hundred dollars at that

time. It was further made to appear that in February, 1921, he paid back to said party the five hundred dollars. It has often been held by this court that proof that one was in financial straits prior to the date of any robbery or theft charge against him in which much money was obtained, and that afterwards he had considerable sums of money, are admissible circumstances as tending to show his guilt. Armstrong v. State, 34 Texas Crim. Rep. 248; Garza v. State, 39 Texas Crim. Rep. 362; Perry v. State, 69 Texas Crim. Rep., 644, 155 S. W. Rep. 262. Further upon the question of identification of appellant, we observe that Mr. Kubola positively identified him as the robber; also that Thompson, an officer of the bank, said he was reasonably sure appellant was the man; also that Mrs. Craig, another employe of the Citizens State Bank, testified that in her best judgment he was one of the men who robbed said bank. We have been unable to conclude that there was any error in the admission of the testimony referred to, or in the court's refusal to exclude it. It is to be conceded that the nearer in point of time to the alleged robbery, is the possession of property the fruits of such crime, the stronger the probative force of such possession. The fact that appellant was engaged in a small business and apparently continued therein after the robbery, and that within two or three months he began to deposit large sums of money, much of which was in currency, without any apparent source of such income, seems to us admissible as a circumstance or as circumstances against him, and that the objection of remoteness goes to the weight and not the admissibility of the testimony.

In his motion for new trial appellant set up that he had the newly discovered testimony of one Jamail, Doolan and Luke. The State controverted the motion for new trial as to each of said witnesses. Appellant set up that by Jamail, a former deputy constable, he would show that the said Jamail brought appellant to the constable's office in Houston the next day after the robbery of said bank, and that Kubola looked at him and said he was not the man and that he could not identify him. The State in its controversy tendered proof of the fact that appellant was not brought into Kubola's presence the day after said robbery, or at any other time thereabout; further contention was made that if appellant was brought into Kubola's presence and he looked at him and then said he was not the man and that he could not identify him, this fact was as well known to appellant as it was to Jamail and could in no event be brought within the rules governing newly discovered testimony. As to the witness Luke, in its controversy the State contended that Luke's name was on the indictment as a witness, that he was subpoenaed and was present at the trial and that no reason was assigned, or could be, why his testimony was not known to appellant or could have been found out by the exercise of reasonable

diligence. Many authorities are cited by Mr. Branch in his Annotated P. C., Sec. 204, sustaining the proposition that where the proposed witness was present at the trial, defendant can not successfully set up as newly discovered the testimony of such witness which he could have found out at the time of such trial. As to the witness Doolan, the testimony expected of him was that he had a conversation with Kubola a day or two after the robbery of the bank and that Kubola stated in said conversation that he could not identify the robber. In Sec. 202 of Mr. Branch's Ann. P. C. many authorities are cited sustaining the proposition that newly discovered evidence impeaching only in its character, would no justify the granting of a motion for new trial. With reference to each of said witnesses and the court's disposition of said motion, it appears in the order of the court overruling the application for new trial that the court heard testimony upon the issues made by appellant in said motion and controverted by the State. The testimony heard by the court is in no way preserved or here presented. In such case we are compelled to believe that such testimony so fully satisfied appellant of the fairness of the court's action in overruling his motion for new trial that he did not care to preserve the testimony and bring it here for our review.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

April 4, 1923.

HAWKINS, JUDGE.—We find ourselves unable to agree to the propositions urged in appellant's motion for rehearing.

Believing the case was properly disposed of in our affirmance of the judgment, the motion will be overruled.

*Overruled.*