(No. 5845. July 14, 1932.)

STATE, Respondent, v. JOHN REDING, Appellant.

[13 Pac. (2d) 253.]

E. W. Wheelan, for Appellant.

Fred J. Babcock, Attorney General, and Maurice H. Greene, Assistant Attorney General, for Respondent.

BUDGE, J.—Appellant was prosecuted upon an information charging him with murder in the first degree, alleging in part:

"That the said John Reding on or about the 26th day of October, 1930, in the County of Boundary, in the State of Idaho, did then and there unlawfully and feloniously, with deliberation and premeditation, wilfully and with malice aforethought, with the intent to rob, kill one Llewellyn Sumner Curtis Church. . . . . "

By its verdict the jury found appellant guilty of murder in the first degree and fixed his sentence at life imprison-

ment. This appeal is from the judgment entered upon the verdict.

It is first contended that the trial court erred in overruling the objection of appellant to the following question propounded to the witness Washburn:

"Q. Coming back to that conversation, will you tell the jury what was said there between Mr. Priest and yourself and the defendant as to his actions leading up to the 26th and what he did there on the 26th?

"Mr. Wheelan: I object to any evidence as to anything the defendant may have stated to have occurred prior to the time it is claimed that the deceased was killed on the 26th day of October, 1930. . . . .

"The Court: Overruled. You may answer. . . . .

"Mr. Wheelan: Exception."

And to the question propounded to the witness Priest relating to the same conversation, as follows:

"Q. Will you tell the jury what the defendant told you with regard to where he was and what he was doing?

"Mr. Wheelan: Object to that as entirely immaterial, prior to the alleged commission of the offense, and immaterial for any purpose.

"The Court: Overruled. You may answer."

The evidence objected to and admitted had to do with a certain conversation between appellant, one Priest, of the Burns Detective Agency, and Sheriff Washburn, and was to the effect that appellant stated that he had received approximately $300 as compensation for an injury sustained by him; that he went to Spokane a few days before October 26, 1930, where he drank considerably and spent a great deal of his money; that he hired a taxicab to drive him to Yakima and paid the taxi driver $50 for the trip; "that he went down there to see his wife and baby and with the intentions of paying a note, or check and a note together, that he had signed up with some relative of his, but he had spent his money and couldn't pay it, and they had threatened to send him to the penitentiary if he didn't make it good"; that he came back to Spokane, had been drink-

ing considerably and tried to get the taxi driver to drive him to Bonners Ferry but did not have the money to pay him, and told him he would have it after he got to Bonners Ferry; and that he rode almost to Bonners Ferry on the stage, but lacked fifteen cents to pay his fare and walked the remaining distance to the home of his parents. It is the contention of appellant that the evidence so given prejudiced him in the minds of the jury and that such evidence had no legitimate tendency to connect appellant with the crime, and its admission constituted prejudicial error.

The only purpose that could be served by the admission of the evidence complained of was to show motive for the killing. The proof shows that appellant killed the deceased while engaged in an attempt to rob him. The evidence complained of establishes the fact that by reason of his acts and conduct prior to the homicide appellant was in financial difficulties and in danger of being prosecuted criminally. The question therefore arises: Was the character of this evidence such as had a tendency to throw any light upon the commission of the offense or of such a nature as to establish motive for its commission? In a case like the one at bar, where the evidence is all circumstantial, motive becomes a matter of most earnest inquiry. (*State v. Flanagan,* 26 W. Va. 116; *State v. Williams,* 98 W. Va. 458, 127 S. E. 320; 30 C. J. 179, sec. 406.) In such circumstances the state may advance any motive within the range of human experience and reasonable probability. (8 Cal. Jur. 36; *People v. Correa,* 44 Cal. App. 634, 186 Pac. 1055, 1059.) The general rule that evidence of any offense other than that for which prosecution is had is inadmissible is subject to the exception that such evidence may be given to show motive. (30 C. J. 181; 3 Nichols, Applied Evidence 3147, sec. 17.) The rule is laid down in 3 Nichols, Applied Evidence, 3146, sec. 12, that proof of motive is not indispensable to a conviction for crime, if without this the evidence shows that the act was done by accused. The weight and sufficiency of the proof of motive is for the jury, and to be considered in connection with all

the other evidence in the case. In *State v. Rice*, 7 Ida. 762; 771, 66 Pac. 87, a prosecution for murder in which the deceased was robbed, evidence that the defendant was destitute prior to the murder was held proper. To the same effect is *State v. Gruber*, 19 Ida. 692, 701, 115 Pac. 1; *Hart v. State*, 87 Tex. Crim. 55, 219 S. W. 821; *State v. Cain*, 175 N. C. 825, 95 S. E. 930; *State v. Williams, supra; Turner v. State*, 48 Tex. Crim. 585, 89 S. W. 975; *McCue v. State*, 75 Tex. Crim. 137, Ann. Cas. 1918C, 674, 170 S. W. 280; *Armstrong v. State*, 34 Tex. Crim. 248, 30 S. W. 235. In *State v. McClurg*, 50 Ida. 762, 790, 300 Pac. 898, this court held that evidence not directly establishing but merely raising an inference that defendant might believe he was liable to prosecution for bigamy was admissible as tending to show motive for the killing of his second wife. In that case a complaint for divorce filed by his first wife, of which defendant had knowledge, was offered in evidence and admitted, the divorce having been granted prior to the murder, as tending to show motive and held to have been properly admitted. In the instant case the evidence complained of had a tendency to show the financial circumstances of the appellant and the possibility or probability of his criminal prosecution, and it is therefore a link in the chain of circumstances tending to connect him with the commission of the crime and to show motive therefor. We are therefore convinced that the admission of this testimony did not constitute prejudicial error.

It might be further observed that evidence of the conversation objected to was introduced without objection upon cross-examination of Sheriff Washburn; direct and cross examination of witness Priest; direct and cross examination of appellant; and on direct examination of Dr. Bowell, a witness for the state. Error, if any, in admitting irrelevant or improper testimony is harmless where the fact which is intended to be proved thereby is fully shown by other evidence which was introduced previously or subsequently without objection. (17 C. J. 322, sec. 3664; *State v. Martinez*, 43 Ida. 180, 250 Pac. 239; *State v. Clark*,

47 Ida. 750, 278 Pac. 776; *State v. McClurg, supra;* 8 Cal. Jur. 616, sec. 599 (note 7); *State v. Wilson,* 51 Ida. 659, 9 Pac. (2d) 497, 499.)

 Appellant next complains of the giving of Instruction No. 5 and particularly the following portion thereof:

"It is sufficient that previously to the act of killing there was deliberation by the slayer upon the question of killing the deceased, resulting in a distinct determination or well-founded design to kill him, and that such determination or design to kill was carried out in the act of killing, or that the said killing was done by the said defendant while he, the said defendant, was engaged in committing an act of robbery."

As we understand, appellant's position is that since the information simply used the words "with intent to rob" without setting out in detail the facts constituting the crime of robbery, it was error on the part of the court to instruct the jury that they could find appellant guilty of murder in the first degree without proving premeditation and deliberation, if they found appellant killed deceased while engaged in an attempt to rob him. Murder is the unlawful killing of a human being with malice aforethought. (C. S., sec. 8209.) Murder which is committed in the perpetration of or attempt to perpetrate arson, rape, robbery, burglary or mayhem is murder of the first degree. (C. S., sec. 8211.) In the absence of proof of the killing in the perpetration of or attempt to perpetrate robbery or other felony mentioned in C. S., sec. 8211, deliberation and premeditation must be independently established. Where, however, the proof establishes that the killing was committed in the perpetration or attempt to perpetrate one of the felonies mentioned in C. S., sec. 8211, deliberation and premeditation are implied and need not be otherwise proven. As said in *State v. Donnelly,* 130 Mo. 642, 32 S. W. 1124:

"The jury were instructed that if they believed from the evidence, beyond a reasonable doubt, that defendant struck and killed deceased with a deadly weapon, with intent to

rob him, they would find him guilty of murder in the first degree. In such circumstances, the killing was murder in the first degree, whether done deliberately or otherwise.''

It is conceded by appellant that the information sufficiently charges murder in the first degree, including allegations of deliberation and premeditation. Thus, deliberation and premeditation having been alleged, direct proof thereof may be introduced to support such allegations or in lieu thereof proof may be introduced of the perpetration or attempt to perpetrate one of the felonies mentioned in C. S., sec. 8211, and the particular felony relied upon need not be pleaded particularly or otherwise, an information charging murder in the first degree in the common form being sufficient. As stated in *State v. Roselli*, 109 Kan. 33, 198 Pac. 195:

''Deliberation and premeditation are ultimate facts. When alleged they denote murder in the first degree, and they may be established by proof of murder committed in perpetrating a felony, without pleading the particulars. Cases are collated in 10 Enc. Pl. & Pr. 150, note 5; 2 Supp. Enc. Pl. & Pr. 636; 21 Cyc. 870, notes 82 and 84; 63 L. R. A. 393, note. Later cases discussing the principle are *State v. Barrington*, 198 Mo. 23, 95 S. W. 235; *People v. Friedman*, 205 N. Y. 161, 98 N. E. 471, 45 L. R. A. (N. S.) 55; *People v. Patini*, 208 N. Y. 176, 101 N. E. 694; *Holmes v. State*, 6 Okl. Cr. 541, 119 Pac. 430, 120 Pac. 300; *Turner et al. v. State*, 8 Okl. Cr. 11, 126 Pac. 452; *State v. Farnam*, 82 Or. 211, 161 Pac. 417, Ann. Cas. 1918A, 318.

''In the case of *State v. Keleher*, 74 Kan. 631, 87 Pac. 738, it was said:

'' 'Proof that a homicide was committed in the perpetration of a felony is held tantamount to the premeditation and deliberation which otherwise would be necessary to constitute murder in the first degree.' 74 Kan. 631, at 635, 87 Pac. 739.''

It was also said in *Sloan v. State*, 70 Fla. 163, 69 So. 871, 872:

"In *State v. Meyers,* 99 Mo. 107, 12 S. W. 516, it is held that: 'An indictment in the usual form, charging murder to have been done deliberately and premeditatedly, is sufficient under the statute to charge murder in the first degree, regardless of whether the murder was committed in the perpetration of a felony or otherwise. The perpetration or attempt to perpetrate any of the felonies mentioned in the statute . . . . during which perpetration or attempt a homicide is committed, stands in lieu of and is the legal equivalent of that premeditation and deliberation which otherwise are the necessary attributes of murder in the first degree. In such case it is only necessary to make the charge in the ordinary way for murder in the first degree, and show the facts in evidence, and if they establish that the homicide was committed in the perpetration or attempt to perpetrate any of the felonies mentioned in the statute, this will be sufficient.'

"In the case of *State v. McGinnis,* 158 Mo. 105, 59 S. W. 83, it was held that:

" 'It is proper, in a trial under an indictment which only charges murder, to instruct the jury that, if the homicide was committed in an attempt to commit robbery, the defendant was guilty of murder in the first degree. . . . . And it is not error to give such instruction because the indictment tendered no such issue as robbery.'

"In the case of *State v. Johnson,* 72 Iowa, 393, 34 N. W. 177, it is held that:

" ' 'A defendant may be found guilty of murder in the first degree upon the finding that he killed the decedent in the perpetration of robbery, without the allegation of that fact in the indictment.' *State v. Foster,* 136 Mo. 653, 38 S. W. 721; *Commonwealth v. Flanagan,* 7 Watts & S. (Pa.) 415; *State v. Weems,* 96 Iowa, 426, 65 N. W. 387; *Cox v. People,* 80 N. Y. 500; *People v. Giblin,* 115 N. Y. 196, 21 N. E. 1062, 4 L. R. A. 757; *People v. Flanigan,* 174 N. Y. 356, 66 N. E. 988; *Reyes v. State,* 10 Tex. App. 1; *Roach v. State,* 8 Tex. App. 478.

"See the authorities cited in the copious notes to the case of *People v. Sullivan,* 173 N. Y. 122, 65 N. E. 989, as reported in 63 L. R. A. 353, 93 Am. St. Rep. 582; Wharton on Homicide (3d Ed.) § 574, p. 875 et seq., and authorities cited."

See, also, *State v. Krampe,* 161 Iowa, 48, 140 N. W. 898; *Commonwealth v. Aston,* 227 Pa. 106, 75 Atl. 1017; *State v. Donnelly, supra;* 30 C. J., p. 403, sec. 648, p. 98, sec. 286.

There is evidence in the record that immediately prior to the killing appellant was engaged in an attempt to perpetrate one of the felonies designated in C. S., sec. 8211, and we think the evidence sufficient upon which to base the conclusion that he was so engaged when he fatally shot deceased. There were therefore facts upon which to base that portion of the instruction complained of, and although the jury may have concluded that there was no direct proof of premeditation or deliberation, there was proof that appellant killed the deceased while he was engaged in an attempt to perpetrate one of the designated felonies. Appellant was not prejudiced by reason of the fact that the information did not, with reference to the crime mentioned therein, set out more in detail the facts concerning the attempted commission of said crime or other felony mentioned in C. S., sec. 8211, and the giving of said instruction was not error.

Appellant also complains of the giving of the following portion of Instruction No. 20:

" . . . . if . . . . you should find that each and all of the allegations of the information have been proven true beyond a reasonable doubt, you should find the defendant guilty as charged."

For the reason, it is urged, that the court invaded the province of the jury in determining the degree of the crime charged in the information. In Instruction No. 10 the court fully instructed the jury that there were three crimes included within the information, namely: Murder in the first degree, murder in the second degree, and manslaughter, and elaborated upon the necessary elements constituting each offense and the *quantum* of proof necessary to sustain

a conviction on either or any one of the offenses included in the offense charged and specifically instructed the jury that appellant might be convicted of any one of the three offenses included in the information or he might be found not guilty. In Instruction No. 10 the following language was used by the court:

"If all of the material allegations of the information have been proven to your satisfaction beyond a reasonable doubt, you should find the defendant guilty of murder in the first degree."

No complaint is made by appellant of this portion of Instruction No. 10. In fact, it is conceded to be a correct instruction. When compared with that portion of Instruction No. 20 complained of, it differs only in this, that the words "first degree" are used, and in the instruction complained of the words "guilty as charged." "Murder in the first degree" is used in the one admitted to be correct and "guilty as charged" is used in the one complained of. There is no material conflict in the two instructions. Both concern murder in the first degree. The one complained of may be omitted but no prejudice resulted to the appellant by the repetition. The province of the jury was not invaded. In *State v. Foyte*, 43 Ida. 459, 252 Pac. 673, 674, this court said:

"We do not think that the court erred in directing the jury that it was their duty to find murder in the first degree if they found the elements specified in the instructions; they were sworn to do this very thing."

This court has always adhered to the rule that:

"All the instructions given in a case must be read and considered together and where, taken as a whole, they correctly state the law and are not inconsistent, but may be reasonably and fairly harmonized, it will be assumed that the jury gave due consideration to the whole charge and was not misled by an isolated portion thereof. (*Osborn v. Cary*, 28 Ida. 89, 152 Pac. 473; *Cady v. Keller*, 28 Ida. 368, 154 Pac. 629; *Taylor v. Lytle*, 29 Ida. 546, 160 Pac. 942;

*State v. Curtis*, 29 Ida. 724, 161 Pac. 578; *State v. Curtis*, 30 Ida. 537, 165 Pac. 999, 1000.)''

See, also, to the same effect: *State v. Jurko*, 42 Ida. 319, 245 Pac. 685.

Appellant contends that the court erred in admitting Exhibits 12 and 13 offered by the state, the same being enlarged photographs of imprints taken from the gun claimed to have been the gun from which the bullet was fired that killed the deceased and an imprint made by appellant on paper placed on the pistol grip of another gun. These imprints were taken for the purpose of establishing the fact that the imprint on the gun used and the imprint on the pistol grip of another gun were made by the appellant. These imprints were enlarged. Original imprints were taken under the supervision of witness Priest and were enlarged under his supervision. There was ample preliminary proof to warrant the admission in evidence of these imprints as enlarged. (*State v. Kuhl*, 42 Nev. 185, 3 A. L. R. 1694, 175 Pac. 190, 196.) This character of testimony is of ancient origin and in modern times has been received in evidence to such an extent that its admissibility is no longer questioned. In *State v. Kuhl*, *supra*, will be found an able and exhaustive opinion by Chief Justice McCarran, which fully sustains the ruling of the court in admitting these exhibits. The character of the prints by comparison was a proper subject for consideration by the jury and the weight to be given to this testimony was for the jury to determine.

Appellant seeks to predicate error upon the refusal of the court to admit in evidence a copy of the warrant of arrest of the witness Owens. This exhibit has not been certified to this court and does not appear as a rejected exhibit. It was for the purpose of impeaching the witness. Under C. S., sec. 8038, an adverse witness may be impeached by the party against whom he was called by contradictory evidence or evidence that his general reputation for truth, honesty and integrity is bad, but not by evidence of particular wrongful acts except that it may be shown by the

examination of the witness or the record of a judgment that he has been convicted of a felony. This witness could not be impeached by particular wrongful acts except conviction of a felony, which was not shown. No error was committed by the court in this particular respect.

Finally, appellant contends that the evidence is insufficient to justify the verdict in certain specified particulars. The evidence is all circumstantial with the exception of an alleged admission by appellant that he did not know when he killed the deceased that the latter had $800. There is some conflict in the testimony offered on behalf of appellant and also in the testimony offered by both sides. Certain facts testified to by appellant are not only improbable but unreasonable. Since the jury heard all of the testimony offered both on behalf of the state and appellant, observed the demeanor of the witnesses upon the stand, and concluded by its verdict that the evidence was ample to warrant appellant's conviction, no useful purpose could be served by setting out at great length the nature of the evidence elicited at the trial. With great care we have read the entire record, which is voluminous. From the evidence contained therein an unbroken chain of circumstances is established which is sufficient to uphold the verdict of the jury and the judgment based thereon.

We find no reversible error. The judgment must be affirmed, and it is so ordered.

Lee, C. J., and Givens, Varian and Leeper, JJ., concur.