UNITED STATES of America ex rel. Leroy Riley LUSCOMB, Petitioner,

v.

The PEOPLE OF THE STATE OF NEW YORK, Respondent.

United States District Court
S. D. New York.

Aug. 7, 1957.

Leroy Riley Luscomb, pro se.

LEVET, District Judge.

This is a petition for a writ of habeas corpus brought by Leroy Riley Luscomb, who is presently confined in Sing Sing Prison, Ossining, New York, where he is serving a term of life imprisonment upon a conviction for felony murder committed in the State of New York. The conviction, for which the petitioner was sentenced to death in the electric chair and which was subsequently commuted by the Governor of the State of New York to life imprisonment, was upheld by the New York Court of Appeals in 292 N.Y. 390, 55 N.E.2d 469. Petitioner

1

**2**

charges lack of due process of law because his court-assigned counsel was in declining physical condition in that he was hard of hearing and that the jury misunderstood the trial court's instruction with respect to punishment.

■ Petitioner's first argument, directed to the effectiveness of his counsel's assistance, is not very persuasive. The general rule is that unless the purported representation by counsel was such as to make the trial a farce and a mockery of justice, mere allegations of incompetency or inefficiency of counsel will not ordinarily suffice as grounds for the issuance of a writ of habeas corpus. United States v. Wight, 2 Cir., 1949, 176 F.2d 376, certiorari denied 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586. Neither the majority nor the dissenting judges in the New York State Court of Appeals, in reviewing the record of this case from the lower court, expressed anything to indicate that the trial was a farce or a mockery of justice.

Petitioner also contends that the trial court failed to instruct the jury that a verdict of guilty with respect to the felony murder count carried a death penalty if the jury did not recommend life imprisonment. As to this count, the judge instructed the jury that they "may, as part of your verdict, recommend that the defendant be imprisoned for the term of his natural life. This is a matter which rests solely in your discretion and your recommendation is a part of your verdict. This is the instance which I mentioned where the question of punishment may properly be considered by you. However, I am required under law to inform you that I am not obliged to follow your recommendation." Petitioner claims that the jury were misled into believing that life imprisonment was the maximum punishment under this count and that the judge could sentence the petitioner to a lesser term despite such a recommendation, whereas the death penalty was the only alternative to life imprisonment upon a conviction for felony murder. Nevertheless, the trial judge did instruct the jury that a felony murder was murder in the first degree, although no premeditation or deliberation or any intent or design to effect death was necessary as in the first two counts of the indictment. Moreover, Judge Conway, in speaking for the majority of the Court of Appeals in affirming the judgment in this case said: "It seems to us that the trial court made a clear and correct charge on the third count of the indictment under our previous decisions in People v. Giblin, 1889, 115 N.Y. 196, 21 N.E. 1062, 4 L.R.A. 757; People v. Patini, 1913, 208 N.Y. 176, 101 N.E. 694; and People v. Wagner, 1927, 245 N.Y. 143, 156 N.E. 644." 292 N.Y. 390, at page 396, 55 N.E.2d 469, at page 472.

■ It is the rule in the federal courts that errors in a trial court's instructions to a jury do not constitute sufficient basis for granting a writ of habeas corpus and that the inadequacy prerequisite to the granting of the writ must consist of the omission of essentials to such an extent that the accused is denied a fair trial in the constitutional sense. Kenion v. Gill, 1946, 81 U.S.App. D.C. 96, 155 F.2d 176. I cannot conclude that the alleged erroneous instruction deprived the petitioner of his constitutional right to a fair trial.

■ Although the application for a writ of habeas corpus must be denied by reason of the foregoing, it should also be noted that the petitioner did not apply to the United States Supreme Court for certiorari from the affirmance by the New York Court of Appeals nor does it appear that the petitioner applied to the state court for habeas corpus. Having failed to exhaust the available state remedies, the petitioner cannot obtain collateral relief in this court, there being no showing that circumstances of peculiar urgency exist so as to require prompt federal intervention. See Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761.

So ordered.