Jones, J. (concurring).
I agree that the order of the Appellate Division should be reversed and the verdict of conviction reinstated.
In my view, however, this result should here be predicated on the narrower ground that even under the old law, when the doctrine of merger was in full bloom, a conviction of felony murder was sustained where the underlying offense was assault if the assault was committed on a person other than the one killed. (People v. Wagner, 245 N. Y. 143; People v. Patini, 208 N. Y. 176; People v. Giblin, 115 N. Y. 196; People v. Miles, 143 N. Y. 383; semble contra, People v. Spohr, 206 N. Y. 516; see 1937 Report of N. Y. Law Rev. Comm., p. 681, p. 654, n. 366.)
In this case, the evidence justified the jury finding that knowingly the defendant unlawfully entered Fennell’s apartment with intent to commit an assault on Fennell, thus establishing the underlying crime of burglary, one of the felonies included in the list of predicate felonies specified in our felony-murder statute (Penal Law, § 125.25, subd. 3). While the burglary was still under way (cf. People v. Smith, 232 N. Y. 239), Aleem who had not theretofore been involved in the assault, responded to Fennell’s calls for help. The defendant then, in the course of and in furtherance of the burglary caused the death of Aleem.
*162 I do not find it necessary here to go further.
Chief Judge Fuld and Judges Burke and Wachtler concur with Judge Jasen ; Judge Jones concurs in a separate opinion in which Judge Gabrielli concurs; Judge Breitel taking no part.
Order reversed, verdict reinstated and case remitted to Supreme Court, New York County, for further proceedings in accordance with opinion herein..