(March 11, 1913.)

STATE, Respondent, v. J. R. DOWNING, *alias* CYCLONE BURNS, Appellant.

[130 Pac. 461.]

RAPE—ATTEMPT TO COMMIT—INSTRUCTION TO ACQUIT—CONSTRUCTION OF STATUTE—EVIDENCE—CORROBORATION—SUFFICIENCY OF—QUESTION FOR JURY—CORPUS DELICTI.

1. Sec. 7235, Rev. Codes, provides for the punishment of attempts to commit crime.

2. Under the provisions of sec. 7877, Rev. Codes, if at any time after the evidence on either side is closed the court deems it insuffi-

cient to warrant a conviction, it must advise the jury to acquit the defendant, but the jury are not bound by such advice. The court is not required to give such advice unless it deems the evidence insufficient to convict.

3. An extra-judicial confession by the accused is not sufficient to warrant a conviction unless there are some corroborating circumstances, and as to whether the corroborating circumstances are sufficient is a question for the jury.

4. Where there is a substantial conflict in the evidence and the evidence taken as a whole is sufficient to sustain the verdict, the verdict will not be disturbed.

APPEAL from the District Court of the Seventh Judicial District for Washington County. Hon. Ed. L. Bryan, Judge.

The defendant found guilty of an attempt to commit a rape and sentenced to the penitentiary for from one to five years. Judgment *affirmed.*

J. W. Galloway, for Appellant.

"To warrant a conviction upon an extrajudicial confession of the accused, there must be independent evidence to establish the *corpus delicti* of the crime." (2 Whar. Crim. Ev., 10th ed., p. 1312, sec. 633, and cases there cited; 3 Greenl. Ev., sec. 30, cited with approval in *People v. Jones,* 31 Cal. 568.)

"A confession not corroborated by independent evidence of the *corpus delicti* is not sufficient to support a conviction of crime." (*State v. Marselle,* 43 Wash. 273, 86 Pac. 586; *People v. Thrall,* 50 Cal. 415; *People v. Simonsen,* 107 Cal. 345, 40 Pac. 440; *United States v. Mayfield,* 59 Fed. 118; *State v. Penny,* 70 Iowa, 190, 30 N. W. 561.)

The *corpus delicti* must be proved beyond a reasonable doubt by evidence other than confessions of the accused. (*State v. Laliyer,* 4 Minn. (Gil. 277) 368.)

J. H. Peterson, Attorney General, and J. J. Guheen and T. C. Coffin, Assistants, for State.

"Full proof of the body of the crime, the *corpus delicti,* independently of the confession, is not required by any of the

cases, and in many of them slight corroborating facts were
held sufficient." (*People v. Badgley,* 16 Wend. (N. Y.) 53.)

It is a question of fact as to whether the corroborating cir-
cumstances are sufficient. (*Sullivan v. State,* 58 Neb. 796,
79 N. W. 721; *Ryan v. State,* 100 Ala. 94, 14 So. 868; 2
Wharton on Crim. Ev., 10th ed., sec. 634, p. 1315.)

Where there is any evidence to sustain the verdict, and
there is a substantial conflict in the evidence, the verdict will
not be disturbed. (*State v. Nesbit,* 4 Ida. 548, 43 Pac. 66;
*State v. Silva,* 21 Ida. 247, 120 Pac. 835.)

Under sec. 7877, if the evidence is insufficient, the court
may advise the jury to acquit, but the court is not authorized
to instruct the jury to acquit. (*State v. Peck,* 14 Ida. 712,
95 Pac. 515.)

SULLIVAN, J.—The defendant was prosecuted on the in-
formation of the prosecuting attorney, wherein it is alleged:
"That said defendant on or about the 20th day of August,
1912, at Weiser . . . . then and there being, did wilfully, un-
lawfully and feloniously make an assault upon the person of
one Neva Kingsbury, a female child then and there being
under the age of eighteen years, to wit: of the age of thirteen
years and upward, and did then and there wilfully, unlaw-
fully and feloniously attempt to have sexual intercourse with
her, the said Neva Kingsbury, she, the said Neva Kingsbury,
not being then and there the wife of him, the said defendant,
and thus said defendant did become and now is guilty of
the crime of attempt to commit rape as aforesaid, contrary,"
etc.; and was convicted as therein charged and sentenced to
imprisonment in the state penitentiary for not less than one
year and not more than five years. A motion for a new trial
was denied and the appeal is from the judgment and order
denying the new trial.

Said action was prosecuted under the provisions of sec.
7235, Rev. Codes, which provides for the punishment of at-
tempts to commit crime. At the close of the state's evidence,
counsel for the defendant requested the court to instruct the
jury to return a verdict of not guilty on account of the in-

sufficiency of the evidence and the failure to prove the *corpus delicti,* which motion was denied by the court and the denial of said motion is assigned as error.

It is provided in sec. 7877, Rev. Codes, as follows: "If at any time after the evidence on either side is closed, the court deems it insufficient to warrant a conviction, it must advise the jury to acquit the defendant, but the jury are not bound by the advice."

In the case of *State v. Peck,* 14 Ida. 712, 95 Pac. 515, this court had under consideration a similar motion, and there held that an "instruction" directing the jury to acquit was erroneous, as the court is only authorized to "advise" the jury to acquit; and it is authorized to so advise the jury only if the court deems the evidence insufficient to warrant a conviction, under the provisions of said section. If under the provisions of that section the court advises the jury to acquit, it ought also to advise them that they are not bound by such advice, but may bring in a verdict of conviction regardless of it. The legislature in using the word "advise" in said section evidently intended to give it a different meaning from that which is generally given to the word "instruct." The generally accepted meaning of the word "instruct," when applied to courts, means a direction that is to be obeyed, while under the meaning given to the word "advise," it is left optional with the person advised as to whether he will act on such advice or not.

It is next contended that the evidence is insufficient to prove the *corpus delicti.* The girl upon whom the attempt to commit rape was made did not testify on the trial, and the state's case rests principally on the testimony of Mrs. Fix and Miss Sprinkles. The testimony of Fix shows that she saw the defendant and the Kingsbury girl at the Palace Cafe in Weiser, and at that time he spoke of the Kingsbury girl as his wife; that the witness Fix and the girl did some shopping that afternoon but parted about 3 o'clock, and about 4 o'clock witness returned to her room in the Vendome Hotel and found the girl's hat in her room; that a little after 4 o'clock the defendant came into the witness' room in his stock-

ing feet; that he and witness had some conversation as to where the Kingsbury girl was and the defendant professed ignorance of her whereabouts; that in a few minutes the girl came into the room with her hair down and her clothes unfastened. She threw her arms around the witness' neck and told her that the defendant had endeavored to have sexual intercourse with her, and the witness Fix remarked to the defendant that he ought to be ashamed of himself, whereupon he turned to the girl and said, "I didn't hurt you, did I?" to which the girl replied, "It was not your fault if you didn't; it was because I would not let you." There is other evidence in the record showing that the defendant and other women had conversations in regard to the girl and in regard to the defendant's "developing" her. The defendant testified in his own behalf and denied the conversations with the other witnesses. We think the evidence is sufficient to show that the defendant attempted to have illicit relations with the girl.

Counsel for appellant relied upon the proposition that an extra-judicial confession of the accused is not sufficient to warrant a conviction of the defendant, but that there must be independent evidence to establish the *corpus delicti* of the crime. There is no doubt about that proposition, and it is stated in *People v. Badgley,* 16 Wend. (N. Y.) 53, that "Full proof of the body of the crime, the *corpus delicti,* independently of the confession, is not required by any of the cases; and in many of them slight corroborating facts are held sufficient." The defendant was present in the room of witness Fix in his stocking feet when the girl came in there crying and charged him with the attempt, and he did not deny it, but suggested to her that he did not hurt her. While it is true he denied this conversation, the jury were the judges of that evidence, and they evidently disbelieved the defendant.

As to whether the corroborating circumstances are sufficient, that is a question for the jury. (*Sullivan v. State,* 58 Neb. 796, 79 N. W. 721; *Ryan v. State,* 100 Ala. 94, 14 So. 868; 2 Wharton on Criminal Evidence, 10th ed., sec. 634, p. 1315.) Some of the circumstances corroborating the alleged

confession of the defendant in this case are his appearance in the room of witness Fix in his stocking feet and, shortly after, the girl's coming in crying and in a disheveled condition. We think the corroboration was sufficient. See *State v. Nesbit*, 4 Ida. 548, 43 Pac. 66 and *State v. Silva*, 21 Ida. 247, 120 Pac. 835, where it is held that where there is evidence to sustain the verdict and there is a substantial conflict in the evidence, the verdict will not be disturbed. The conflict in the evidence in this case is found in the testimony of the defendant, he denying the conversation with the witness Fix.

On the whole record we think the judgment of the trial court must be affirmed, and it is so ordered.

Ailshie, C. J., and Stewart, J., concur.