(February 6, 1915.)

## STATE, Respondent, v. DANIEL H. HOPKINS, Appellant.

### [145 Pac. 1095.]

ASSAULT WITH INTENT TO COMMIT RAPE—SUFFICIENCY OF EVIDENCE—ALIBI—ADMISSIBILITY OF EVIDENCE—WITHDRAWAL OF OBJECTION TO QUESTION.

1. The evidence in this case examined and found to be sufficient to justify the conviction of the defendant of the crime charged.

2. Where the evidence adduced by the state tends to show that a crime was committed during a two weeks' vacation in school at the Christmas holiday season and does not fix the date more definitely than that, and where the defendant relies upon an *alibi* and produces evidence tending to show his whereabouts from Dec. 24th to Jan. 1st, inclusive, and that he was not at the place where the evidence produced by the state tends to show the crime was committed, but produces no evidence tending to show his whereabouts during the remainder of the two weeks in question, the jury is justified in reaching the conclusion that the *alibi* relied on was not established.

3. Where there is a substantial conflict in the evidence and the evidence taken as a whole is sufficient to sustain the verdict, the verdict will not be disturbed.

4. Where a party to an action does not object to a question propounded to a witness, or having objected, expressly gives consent that the question may be answered, error cannot be predicated upon the action of the court in admitting the testimony nor upon the refusal of the court to strike out the answer if it is responsive to the question.

APPEAL from the District Court of the Ninth Judicial District for the County of Fremont. Hon. James G. Gwinn, Judge.

The defendant was found guilty of an attempt to commit rape. Judgment *affirmed.*

John A. Bagley, for Appellant, cites no authorities.

J. H. Peterson, Attorney General, E. G. Davis and V. P. Coffin, Assistants, for the State.

There being a substantial conflict in the evidence, and the jury having passed upon it, under the well-settled rule of

this court, the verdict of the jury will not be disturbed. (*State v. Silva,* 21 Ida. 247, 120 Pac. 835; *Panhandle Lbr. Co. v. Rancour,* 24 Ida. 603, 135 Pac. 558.)

A conviction of the crime of assault with intent to commit rape will be sustained, even though the prosecutrix be uncorroborated, unless her testimony be impeached as to her previous good character and reputation for truthfulness. This is especially so where the circumstances surrounding the commission of the offense are clearly corroborative of the statements of the prosecutrix. (*State v. Anderson,* 6 Ida. 706, 59 Pac. 180; *People v. Wessel,* 98 Cal. 352, 33 Pac. 216.)

MORGAN, J.—In this case the appellant was convicted of the crime of assault with intent to commit rape. The trial resulted in a verdict of guilty, upon which a judgment of conviction was made and entered, from which judgment and from an order of the court denying his motion for a new trial this appeal was taken.

In his brief upon appeal and in his oral argument counsel for the appellant relies upon four assignments of error, in substance as follows:

First: That the evidence is insufficient to support the verdict and judgment;

Second: That the verdict was rendered by the jury on account of bias and prejudice against this class of cases and the additional reason that the court permitted, over the objection of the appellant, the respondent to show that the appellant had been found guilty of the offense charged in this case by a tribunal of the church of which he was a member;

Third: That the appellant proved a full and complete *alibi;*

Fourth: That there is no evidence to corroborate the prosecutrix and she is contradicted by the facts and circumstances proved by the appellant.

The first, third and fourth assignments of error and the first portion of the second may be considered together as denying the sufficiency of the evidence. The latter portion of the second assignment will be considered separately as relating to the admissibility of evidence.

We will first consider the evidence which affects the *alibi* relied upon by the appellant. The testimony of the prosecutrix shows that she attended school during the school year of 1911 and 1912; that there was a vacation, or holiday period, at Christmas time of two weeks; that the crime of which the appellant was convicted was committed during this vacation period, at a haystack in appellant's field some distance from the house. The prosecutrix further testified that she was unable to give the exact date of the assault upon her nor to fix the time any closer than that it occurred at about noon on a day during this two weeks' vacation in school.

The defendant testified as to his whereabouts from the 24th of December, 1911, to and including January 1, 1912, and he produced the testimony of a number of witnesses to corroborate his testimony as to his whereabouts, and that he was not at the place where the prosecutrix testified the crime was committed upon and between said dates. Since the testimony of the prosecutrix does not fix the date of the commission of the crime upon a day between December 24, 1911, and January 1, 1912, inclusive, but does fix it as having occurred on a day during the Christmas holidays of two weeks' duration, it readily appears that the jury was justified in reaching the conclusion that the *alibi* relied upon by the appellant was not established.

Upon many material points in their testimony the prosecutrix and the appellant contradict each other. The prosecutrix testified that on the occasion of the assault the appellant and herself had gone in a sled to a haystack for a load of hay. The appellant testified, and in this he is corroborated by other witnesses, that he did not begin to haul hay from the stack in question until late in January, 1912, and that during the holiday season of 1911 and 1912, no road was broken through the snow to the haystack. In this he is, however, contradicted by testimony other than that of the prosecutrix. "Where there is a substantial conflict in the evidence and the evidence taken as a whole is sufficient to sustain the verdict, the verdict will not be disturbed." (*State v. Downing,* 23 Ida. 540, 130 Pac. 461.)

It is true there are some discrepancies between the testimony given by the prosecutrix at the trial and that given by her at the preliminary examination, but these may be accounted for, to a considerable extent at least, upon the theory that she misunderstood certain questions propounded to her at the preliminary examination.

This court in the recent case of *State v. Driskill, ante,* p. 738, 145 Pac. 1095, commenting upon the effect of contradictory statements made by a prosecuting witness in a case of this kind, said: "As to the impeachment of the prosecutrix and to what extent the jury would give credence to her testimony, that was for the jury to determine, and we do not think if the jury believed the prosecutrix had made contradictory statements, they must of necessity reject all of her evidence as untrue."

The evidence in this case, considered in its entirety, is amply sufficient to justify the jury in reaching the conclusion expressed in its verdict.

Had the trial court, as charged in the second assignment of error, over the objection of the defendant, permitted the state to show that the appellant had been tried and found guilty by a tribunal of his church, such action upon the part of the court would have been reversible error. A careful examination, however, discloses that the said second assignment of error is not borne out by the record.

Mention of this church trial is first found in the testimony of the witness Alfred Hansen and occurs in the cross-examination of the said witness by the attorney for the appellant. The witness was asked if a complaint had been filed against the defendant with the church authorities and, having answered in the affirmative, he was asked whether he made a certain statement on the occasion of the church trial as to his motives in commencing the church proceedings and this case. Upon redirect examination counsel for the state asked the witness as to the result of the church trial, whereupon counsel for the appellant said, "Object to that, if the court please— Oh, well go ahead."

Thereafter, upon recross-examination of the witness Hansen, counsel for appellant went into the question of the proceedings in the church hearing and the result thereof at considerable length.

Upon direct examination of the appellant this church trial was referred to, and upon his cross-examination it was inquired into by counsel for the respondent without objection upon the part of the appellant or his counsel, and upon his redirect examination it was further inquired into.

Where a party to an action does not object to a question propounded to a witness, or having objected, expressly gives consent that the question may be answered, error cannot be predicated upon the action of the court in admitting the testimony nor upon the refusal of the court to strike out the answer, if it is responsive to the question, and the answer of the witness, Hansen, was responsive.

The judgment appealed from is affirmed.

Sullivan, C. J., and Budge, J., concur.