(November 1, 1915.)

STATE, Respondent, v. THOMAS MOX MOX, Appellant.

[152 Pac. 802.]

CRIMINAL LAW—CONFLICT IN EVIDENCE—REMARKS BY TRIAL JUDGE— CROSS-EXAMINATION—DISCRETION OF THE COURT—ILLEGAL ARREST— RESISTANCE—INSTRUCTIONS.

    1. Where there is substantial conflict in the evidence and, taken as a whole, it is sufficient to sustain the verdict, a judgment based thereon will not be disturbed upon appeal.

    2. The evidence in this case examined and held to be sufficient to support the verdict.

On assault in resisting unlawful arrest, see note in 33 L. R. A., N. S., 50.

3.   Certain remarks made by the judge during the trial held not prejudicial to the rights of the appellant.

4.   The extent of cross-examination upon collateral and immaterial matters is largely within the discretion of the trial judge, and it is not error to limit the investigation to the issues involved.

[As to extent of cross-examination as to collateral matters, see note in 14 Am. St. 480.]

5.   In order to justify the use of force by one seeking to avoid an illegal arrest, or in seeking to free himself from it, force must be necessary, and the person arrested, or sought to be arrested, is not justified in using more force than enough to protect himself and to prevent the infliction upon him of bodily injury.

6.   The instructions given by the trial judge to the jury examined and approved.

APPEAL from the District Court of the Second Judicial District for Nez Perce County.   Hon. Edgar C. Steele, Judge.

Appellant was convicted of assault with a deadly weapon. Judgment *affirmed.*

Clay McNamee and James L. Harn, for Appellant.

For counsel for defendant to be reprimanded and humiliated without cause or excuse therefor is reversible error. (*McDuff v. Detroit Evening Journal,* 84 Mich. 1, 22 Am. St. 673, 47 N. W. 671; *Wheeler v. Wallace,* 53 Mich. 355, 364, 19 N. W. 33, 37; *Cronkhite v. Dickinson,* 51 Mich. 177, 16 N. W. 371; *People v. Hare,* 57 Mich. 505, 24 N. W. 843; *State v. White,* 10 Wash. 611, 39 Pac. 160, 41 Pac. 442; *Grant v. State* (Tex. Cr.), 148 S. W. 760, 42 L. R. A., N. S., 428.)

"Cross-examination on matters, either directly in issue or directly relevant to the issue, is a matter of right, and its exclusion is error." (*Prout v. Bernards Land & Sand Co.,* 77 N. J. L. 719, 73 Atl. 486, 25 L. R. A., N. S., 683; *Graham v. Larimer,* 83 Cal. 173, 23 Pac. 286; Jones on Evidence, sec. 821.)

A party has a right upon cross-examination to draw out anything which would tend to contradict, weaken, modify or explain the evidence given by the witness on his direct examination.   (40 Cyc. 2480, and notes; *State v. Tilden,* 27 Ida.

262, 147 Pac. 1056; *People v. Westlake,* 124 Cal. 452, 57 Pac. 465; *People v. Sehorn,* 116 Cal. 503, 48 Pac. 495; *Fissure Min. Co. v. Old Susan Min. Co.,* 22 Utah, 438, 63 Pac. 587.)

The constable Welch was guilty of an assault in making the arrest and a continuing assault in unlawfully detaining defendant thereafter. (*Delafoile v. State,* 54 N. J. L. 381, 24 Atl. 557, 16 L. R. A. 500.)

"In case of ordinary misdemeanors, a constable cannot arrest the offender without a warrant, unless he be present at the time of the offense." (*Webb v. State,* 51 N. J. L. 189, 17 Atl. 113; *Robison v. Miner (People v. Haug),* 68 Mich. 549, 37 N. W. 21; *People v. McLean,* 68 Mich. 480, 36 N. W. 231; *Delafoile v. State, supra; Krulevitz v. Eastern R. R. Co.,* 143 Mass. 228, 9 N. E. 613; *State v. Hunter,* 106 N. C. 796, 11 S. E. 366, 8 L. R. A. 529.)

"Belief, however well founded, will not justify arrest without warrant for a mere misdemeanor." (*Commonwealth v. Carey,* 12 Cush. (66 Mass.) 246; *Commonwealth v. Mc-Laughlin,* 12 Cush. (66 Mass.) 612.)

Though a felony has been committed, yet a bare suspicion of guilt against a person will not justify an officer in forcing the door of his dwelling unless armed with a warrant. It will at least be at the peril of proving that the party so taken on suspicion was guilty. (*State v. Grant,* 76 Mo. 236.)

J. H. Peterson, Atty. Gen., T. C. Coffin and Herbert Wing, Assts., for Respondent.

The court may admonish counsel as to his manner, even though his questions may be perfectly proper. (*State v. Hatfield,* 75 Iowa, 592, 39 N. W. 910.)

A trial judge may admonish or rebuke in his discretion, so long as his remarks do not prevent the defendant from having a fair trial. (*Laporte v. Cook,* 22 R. I. 554, 48 Atl. 798.)

"A wide latitude should be allowed in the cross-examination of parties to the suit, but the action of the trial court, in sustaining objections to immaterial questions, is not prejudicial error." (*Just v. Idaho Canal etc. Co.,* 16 Ida. 639,

133 Am. St. 140, 102 Pac. 381; *People v. Becker,* 48 Mich. 43, 11 N. W. 779.)

The trial court is vested with discretion in directing the limits of cross-examination, and so long as there is no abuse of such discretion, his rulings will not be disturbed. (8 Ency. of Pl. & Pr. 109; *State v. Reilly,* 25 N. D. 339, 141 N. W. 720; *Reynolds v. Pacific Car Co.,* 75 Wash. 1, 134 Pac. 512; *Gatze-meyer v. Peterson,* 68 Neb. 832, 94 N. W. 974; *Brown v. Harris,* 139 Mich. 372, 102 N. W. 960; *Rand v. Newton,* 88 Mass. (6 Allen) 38; *Cantrell v. Davidson,* 180 Mo. App. 410, 168 S. W. 271; *Nashville Interurban Ry. v. Barnum,* 212 Fed. 634, 129 C. C. A. 170.)

"One illegally arrested has the right to use such force as may be necessary to resist the illegal arrest; but, if the force used is in excess of what is necessary, it is an assault, for which such person may be punished." (*Commonwealth v. Cosler* (Quart. Sess.), 8 Kulp. (Pa.), 97.)

The verdict of the jury on substantially conflicting evidence will not be disturbed. (*State v. Rathbone,* 8 Ida. 161, 67 Pac. 186; *State v. Collett,* 9 Ida. 608, 75 Pac. 271; *State v. Cook,* 13 Ida. 45, 88 Pac. 240; *State v. Downing,* 23 Ida. 540, 130 Pac. 461.)

It was for the jury to determine whether the entire evidence established the guilt of the defendant beyond a reasonable doubt. (*State v. Levy,* 9 Ida. 483, 75 Pac. 227.)

MORGAN, J.—The appellant was convicted of the crime of assault with a deadly weapon and has appealed to this court from the judgment pronounced against him and from the order of the trial court denying his motion for a new trial.

It appears from the record that on the night of March 9, 1914, James P. Welch, who was constable of Arrow Precinct, Nez Perce county, received information by telephone that appellant, who is a Nez Perce Indian, was intoxicated and had beaten his mother and had driven her from home, and the officer was requested to place him under arrest. Accordingly he, in company with his son-in-law, went to the residence of a relative of appellant, where the mother was staying for the night, and from there to a house where appellant and his wife

were sleeping, and, being unable to awaken the occupants of the house or to gain admission through the door, the constable, his son-in-law and an Indian who was with them, raised a window and entered the house; that the officer placed appellant under arrest and took into his possession a bottle of alcohol which he found there.

It further appears that at the time the arrest was made the appellant offered neither protest nor resistance; that the officer and his son-in-law took appellant and his wife to a point on the Northern Pacific railway known as Arrow Junction, where the son-in-law left the other parties, and that during the remainder of the night the officer kept watch while the prisoner and his wife slept. Early the next morning, according to the constable's testimony, appellant asked permission to get a drink from the creek and while at the creek appellant attacked and overpowered him, and with the aid of the woman took from him the bottle of alcohol and his revolver, and by pointing the loaded weapon at him drove him up the railroad track a distance of about a mile to a thicket of brush, which he required him to enter. The witness further testified: "I told him, I says, 'You are taking me up to murder me? These people will come and get you if you do.' He was more quiet then. He held me there until 7 o'clock or after and then he told me to come back."

Appellant and his wife tell a different story of what transpired while the parties were at Arrow Junction and thereafter. They testified that in the morning the constable gave each of them two drinks of alcohol from the bottle and took two drinks himself and that while the officer was taking a drink from the creek appellant, noticing that he was in an intoxicated condition and fearing he would do damage with the weapon removed the revolver from his pocket, extracted the cartridges from it and retained it in his possession; that the officer then voluntarily accompanied them a part of the way toward their home and that no assault was made upon him; also that they had some more drinks together from the bottle and that the constable was considerably under the influence of liquor. Certain other Indians testified to having

seen the officer early in the morning and that he was intoxicated.

The officer denied that he drank any liquor and certain witnesses, one of them the sheriff of the county, who saw him early in the morning, testified that they were unable to detect any trace of intoxicating liquor about him.

The evidence is very conflicting and it is urged by appellant that it is insufficient to support the verdict. The rule is well settled in this state that where there is a substantial conflict in the evidence and, taken as a whole, it is sufficient to sustain the verdict, a judgment based thereon will not be disturbed upon appeal. (*Montgomery v. Gray* (on rehearing), 26 Ida. 583, 585, 144 Pac. 646, and cases there cited; *State v. Hopkins*, 26 Ida. 741, 145 Pac. 1095; *Price v. North Am Acc. Ins. Co., ante*, p. 136, 152 Pac. 805.) In this case there is ample evidence to support the verdict.

The appellant contends that the trial judge committed error by certain remarks he made during the trial, and that the legitimate scope of cross-examination was curbed and denied. It appears from the record that during the cross-examination of the witness Welch, after it had been shown that appellant and his wife slept while at Arrow Junction and that they had no blankets, but used some old shawls for covering, the following occurred:

"Q. What was the condition of the weather as to being cold or otherwise?

"The Court: Mr. Welch is not on trial in this case; Tom Mox Mox is on trial; the question is whether he assaulted him at Arrow Junction."

It is urged that these remarks were in the nature of a rebuke to counsel for appellant; that the court thereby virtually said to the jury that counsel were "pettifogging" and were not attempting to defend their client, but were attempting to substitute the prosecuting witness for the defendant.

While no objection was made to the question by counsel for respondent and the record does not disclose any conduct upon the part of counsel for appellant which merited rebuke, we cannot infer from anything in the record that the trial

judge intended the remark as a rebuke; it rather appears to us that it was a manifestation of a desire upon his part to confine the proceedings to the real point in issue and to expedite the trial. We do not find that the remark above quoted was prejudicial to the rights of the appellant nor that the trial judge committed error in making it. The extent of cross-examination upon collateral or immaterial matters is largely within the discretion of the trial judge, and it cannot be said that the court in this case committed error in limiting counsel for the appellant, in the cross-examination of respondent's witness, since such limitation was intended to confine the investigation to the issues involved. (*Just v. Idaho Canal etc. Co.*, 16 Ida. 639, 133 Am. St. 140, 102 Pac. 381; *State v. Reilly*, 25 N. D. 339, 141 N. W. 720; *Gatzemeyer v. Peterson*, 68 Neb. 832, 94 N. W. 974; *Rand v. Newton*, 6 Allen (88 Mass.), 38.)

The remaining assignments of error, which we deem necessary to be considered in order to reach a decision of this case, relate to the instructions given to the jury and to certain instructions requested by appellant which the court refused to give. One portion of the instructions given, particularly complained of, is as follows:

"I instruct you, gentlemen, that a constable is a peace officer, and that when a peace officer has reasonable cause to believe that a crime is being committed, or about to be committed by some other person, he has the right and it is his duty to endeavor to stop the commission of the crime, and apprehend the person who has committed or is about to commit the crime, regardless of whether he has a warrant in his possession or not."

It is urged that this is error: First, in that it assumes that appellant had, prior to his arrest, committed a crime or that he was engaged in committing one at that time; Second, in that it assumes that a person may be arrested without a warrant for a past misdemeanor not committed in the presence of the officer performing the arrest.

As we view this instruction, it is not subject to these objections. It does not assume that appellant was, at the time

of his arrest, engaged in the commission of a crime nor that he had committed one prior thereto. It does advise the jury as to the duty of a peace officer when he has reasonable cause to believe a crime is being committed, or is about to be committed, and that this duty involves upon him whether he is correct in his belief or not. It does not assume the law to be that a person may be legally arrested without a warrant for a past misdemeanor not committed in the presence of the officer performing the arrest, but it tends to instruct the jury that if the constable had reasonable cause to believe appellant was committing, or was about to commit, a crime, it was his duty, without a warrant, to endeavor to prevent him from committing it, and to arrest him even though he had completed the offense before he could be prevented from so doing.

Another portion of the instructions especially complained of is as follows:

"I instruct you also that it is a crime under the laws of this state for anyone to sell or furnish to an Indian intoxicating liquors, and I instruct you that when a peace officer, such as a constable, hears that an Indian has intoxicating liquors, and is breaking the peace, that it is the duty of such peace officer to endeavor to stop such violations of the law, and while a peace officer may not, without a warrant, break into buildings, unless the crime is being committed at that particular time, yet after it has been done and after he has so entered, and after the person has been taken into the custody of the officer, the person so taken into custody has no right to assault the officer, and if he does so assault him, he is guilty of a crime."

Counsel for appellant earnestly urges that this portion of the instructions is to the effect that no matter how unlawful the arrest may have been, appellant was not thereafter at liberty to oppose force with force in order to prevent being detained in custody.

We cannot concur in this conclusion. As we view it this instruction, applied to the facts of this case, advised the jury that, even though the officer exceeded his authority in entering appellant's house in the night-time and in arresting him

without a warrant, after appellant had, without protest or objection, submitted to arrest, if he became the aggressor and committed an assault upon the officer, he was guilty of a crime. Viewed in this light the instruction is not open to objection.

It must be borne in mind that in order to justify the use of force by one seeking to avoid an illegal arrest, or in seeking to free himself from it, force must be necessary, and that the person arrested, or sought to be arrested, is not justified in using more force than enough to protect himself and to prevent the infliction upon him of bodily injury. Assuming that the officer committed a trespass and an assault upon appellant when the arrest was made, his right did not then nor thereafter extend beyond the well-known rule of self-defense.

It is said in case of *State v. Gum,* 68 W. Va. 105, 69 S. E. 463, 33 L. R. A., N. S., 150 (quoting the syllabus):

"If an attempted arrest be unlawful, the party sought to be arrested may use such reasonable force, proportioned to the injury attempted upon him, as is necessary to effect his escape, but no more; and he cannot do this by using or offering to use a deadly weapon, if he has no reason to apprehend a greater injury than a mere unlawful arrest. Instructions to the jury, not so limited, were properly refused."

The instructions given to the jury correctly stated the law applicable to the case. Finding no error in the record, the judgment of the trial court is affirmed.

Sullivan, C. J., and Budge, J., concur.