(July 15, 1916.)

## STATE, Respondent, v. EARL STEEN and J. H. MILLER, Appellants.

[158 Pac. 499.]

CRIMINAL LAW — METHODS OF FORMING JURY PANEL — CHALLENGE FOR BIAS OF OFFICER SUMMONING—INDORSING NAMES OF WITNESSES ON INFORMATION—SUFFICIENCY OF EVIDENCE.

1. Secs. 3953 to 3957, inclusive, Rev. Codes, provide the time when, the officer by whom, the place where, in whose presence and the manner in which a jury must be drawn. Sec. 3961 provides that "whenever jurors are not drawn and summoned to attend any court of record, or a sufficient number of jurors fail to appear, such court may, in its discretion, order a sufficient number to be drawn and summoned to attend such court; or it may, by an order entered on its minutes, direct the sheriff of the county to summon so many good and lawful men of his county as the case may require. . . . . . " The jurors drawn or summoned according to either of the methods provided by these sections of the statute constitute a valid, legal panel to attend in transacting the business of the court.

2. Appellants and their counsel were fully advised prior to the time the jury was sworn that the sheriff who summoned the jury upon an open venire was to be a witness for the prosecution in the case and no challenge to the panel was interposed because of implied bias of the sheriff. Held, that the failure of the trial judge to dismiss the jury in the absence of such a challenge was not error.

3. It was not error to permit the prosecuting attorney to indorse the names of witnesses on the information after it was filed and before going to trial.

4. Where there is a substantial conflict in the evidence and, taken as a whole, it is sufficient to sustain the verdict, a judgment based thereon will not be disturbed upon appeal.

[As to bias or misconduct of officer summoning jury as ground of challenge to panel, see note in **Ann. Cas. 1916A,** 693.]

APPEAL from the District Court of the Second Judicial District for Idaho County. Hon. Edgar C. Steele, Judge.

Defendants were convicted of grand larceny. Judgment *affirmed.*

T. C. Coffin, for Appellants.

Secs. 3947 to 3960, inclusive, Rev. Codes, provide the method of obtaining a jury panel, and the same can be departed from, under the provisions of sec. 3961, only when a reasonable necessity therefor appears, and not at the absolute option of the district judge. (*State v. Barber,* 13 Ida. 65, 79, 88 Pac. 418; *Levy v. Wilson,* 69 Cal. 105, 111, 10 Pac. 272; *People v. Suesser,* 142 Cal. 354, 75 Pac. 1093, 1095.)

When the sheriff and two of his deputies are witnesses for the prosecution, it is error for the court to refuse to quash a jury panel selected from the body of the county by the sheriff. (*State v. Barber,* 13 Ida. 65, 79, 88 Pac. 418; *State v. Jordan,* 19 Ida. 192, 197–200, 112 Pac. 1049.)

J. H. Peterson, Attorney General, Herbert Wing and D. A. Dunning, Assistant Attorneys General, for Respondent.

In the case of *State v. Barber,* 13 Ida. 65, at p. 80, 88 Pac. 418, this court gave a substantial reason in support of the procedure of the trial court in acting under the provisions of sec. 3961, Rev. Codes.

MORGAN, J.—The above-named appellants were tried and convicted of grand larceny upon information filed by the prosecuting attorney of Idaho county, charging them with stealing certain horses. They have appealed from the judgment and assigned as error the action of the court in denying their motion to quash the jury panel; in overruling their

objections to the motion of the state to indorse the names of certain witnesses upon the information, and the insufficiency of the evidence to sustain the conviction.

On August 31, 1915, the judge of the district court made and filed an order wherein it was recited: "It appearing to the court that no trial jury has been drawn or summoned and it appearing to the court that a trial jury is. necessary for the proper dispatch of the business of the present term of court;

"It is hereby ordered that the sheriff of Idaho county, Idaho, select and summon twenty-two good and lawful men qualified to serve as trial jurors from the body of said Idaho county, and that said jurors be summoned to appear in the courtroom of the court house, in Grangeville, of said county, on Thursday, Sept. 9th, 1915, at 9 o'clock A. M."

The appellants moved to quash the panel of jurors formed pursuant to the foregoing order upon the ground that in making such order and in procuring the attendance of the jurors, the trial court totally ignored secs. 3952 to 3958, inclusive, of the Rev. Codes of Idaho.

Sec. 3952 provides that "the district court, or the judge thereof, if a jury will be required at any term of the district court, must make and file with the clerk, an order that one be drawn. The number to be drawn must be fixed in the order; if to form a grand jury, it must be twenty, and if a trial jury, such number as the judge may direct."

Secs. 3953 to 3956, inclusive, provide the time when, the officer by whom, the place where and in whose presence the jury must be drawn. These sections require that at least one day before the drawing the clerk of the court must notify the sheriff and probate judge of the time when such drawing will take place, which must not be more than three days after the receipt by him of the order directing that the jury be drawn, and that the sheriff, or his deputy, and the probate judge must attend at the clerk's office to witness the drawing, and if they do so the clerk must, in their presence, proceed to draw the jury panel from a box wherein the names of persons competent to serve as jurors have been placed by

the clerk from a list furnished him by the board of county commissioners and taken from the poll lists of the several precincts in the county. If the sheriff or his deputy or the probate judge do not appear, the clerk must adjourn the drawing until the following day and, by written notice, require two electors of the county to attend thereat, and if on the day to which the drawing has been adjourned the sheriff, the probate judge and the electors, or any two of such persons, appear, the clerk must, in their presence, proceed to draw from the box the names of the persons to form the jury panel in the manner set out in detail in sec. 3957.

Sec. 3958 provides the disposition to be made of the slips, or ballots, containing the names of those who attend and serve as jurors and of those who do not attend and serve.

The trial judge did not order the jury panel to be formed, nor was it formed, pursuant to the sections of the Rev. Codes heretofore cited, but directed the sheriff of the county to summon twenty-two citizens to serve as jurors pursuant to the provisions of sec. 3961, Rev. Codes, which is as follows:

"Whenever jurors are not drawn and summoned to attend any court of record, or a sufficient number of jurors fail to appear, such court may, in its discretion, order a sufficient number to be drawn and summoned to attend such court; or it may, by an order entered on its minutes, direct the sheriff of the county to summon so many good and lawful men of his county to serve as jurors as the case may require. . . . . "

The question presented here is, must a trial judge order a jury to be drawn as directed by secs. 3953 to 3957, inclusive, or may he, in his discretion, follow one of the two methods provided in sec. 3961? It seems to us that jurors drawn or summoned according to either of the methods provided by statute constitute a valid, legal panel to aid in transacting the business of the court.

Sec. 3961, Rev. Codes, was before this court for interpretation in case of *State v. Barber,* 13 Ida. 65, 88 Pac. 418, wherein it was said: "That the court may order a jury drawn from the jury-box prepared by the county commissioners or order an open venire we think is entirely discretionary."

After quoting the section the court further said: "At the time of the enactment of sec. 3961 there was good reason for the rule, and even now, in many of the large counties where the territory is sparsely settled, it is very inconvenient, as well as expensive, to bring jurors to the county seat for jury service when frequently there are but one or two cases for the jury."

If the reason assigned by the court for the enactment, by the legislature, of that section of the code ever existed, it still exists with respect to Idaho county, which contains approximately 11,000 square miles of territory, much of which is mountainous and sparsely settled.

The supreme court of California, in case of *People v. Suesser,* 142 Cal. 354, 75 Pac. 1093, having under consideration sec. 226 of the Code of Civil Procedure of that state, which is approximately the same as our sec. 3961, said: "While this court has in several cases suggested that it is more in accord with the spirit of the law pertaining to the subject to select jurors by drawing names from the jury-box than to allow the sheriff to select the individuals who shall act, the trial court unquestionably has the power, under the provisions of sec. 226, Code Civ. Proc., whenever a jury is needed, and jurors have not been drawn and summoned, to either order a sufficient number drawn and summoned, or direct the sheriff, if he is not disqualified, to summon so many good and lawful men as may be required to serve as jurors. It has the same power under section 227, Code Civ. Proc., when there are not competent jurors enough present to form a panel. With the exercise of that power by the trial court this court cannot interfere, unless, perhaps, the circumstances of the case are such as to show a gross abuse of discretion by the trial court." (See, also, *People v. Davis,* 47 Cal. 93; *Levy v. Wilson,* 69 Cal. 105, 10 Pac. 272.)

The record in this case does not disclose an abuse, by the trial court, of the discretion vested in it by law in causing the jury panel to be formed in the method adopted.

A copy of the district court minutes incorporated in the record discloses that the following proceedings, among others,

were had in this case: "Now, at this time prior to the examination of the jury for this case, counsel for the defense submits a motion to quash the jury panel, said motion was argued and by the court overruled.

"On motion of counsel for the state, the court orders the clerk to indorse the following named witnesses on the information filed herein: [Here follows the names of certain witnesses, including that of the sheriff who summoned the jurors.]

"Defendant objected to such indorsement. Objection overruled."

From the foregoing it will appear that appellants and their counsel were fully advised, prior to the time a juror was sworn, that the sheriff was to be a witness for the prosecution in the case, and time still remained to interpose a challenge to the panel as provided in sec. 7820, Rev. Codes, which is as follows: "A challenge to the panel must be taken before a juror is sworn, and must be in writing, and must plainly and distinctly state the facts constituting the ground of challenge." Had a challenge been interposed pursuant to sec. 7824, Rev. Codes, there can be no doubt it would have been sustained. That section provides: "When the panel is formed, or in part formed, from persons whose names are not drawn as jurors, a challenge may be taken to the panel on account of any bias of the officer who summoned them, which would be good ground of challenge to a juror. Such challenge must be made in the same form, and determined in the same manner, as if made to a juror."

Under subdivision 6 of sec. 7834, Rev. Codes, one of the grounds of challenge for implied bias is "being a witness for the prosecution, or subpoenaed as such." (See *State v. Jordan,* 19 Ida. 192, 112 Pac. 1049.)

Counsel for appellants did not see fit to interpose a challenge to the panel because of the implied bias of the sheriff by reason of being a witness for the prosecution, and the failure of the trial court to dismiss the jury, in the absence of such a challenge, was not error.

It was not error for the court to permit the prosecuting attorney to indorse the names of witnesses on the information after it was filed and before going to trial. It does not appear that appellants were surprised, or suffered any disadvantage by this action. (See *State v. Smith*, 25 Ida. 541, 138 Pac. 1107, and cases therein cited.)

Appellants claimed to have been the owners of the horses which they were accused of stealing. The testimony as to ownership was very conflicting. The rule in this state, in criminal as well as civil cases, is that where there is a substantial conflict in the evidence and, taken as a whole, it is sufficient to sustain the verdict, a judgment based thereon will not be disturbed upon appeal. (*State v. Downing*, 23 Ida. 540, 130 Pac. 461; *State v. Hopkins*, 26 Ida. 741, 145 Pac. 1095; *State v. Bouchard*, 27 Ida. 500, 149 Pac. 464; *State v. Mox Mox*, 28 Ida. 176, 152 Pac. 802.) We find the evidence ample in this case to support the verdict.

The judgment of the trial court is affirmed.

Sullivan, C. J., and Budge, J., concur.