(June 28, 1917.)

## STATE, Respondent, v. ZACHARIAH CURTIS and CORA ATKINSON, Appellants.

[165 Pac. 999.]

CRIMINAL LAW—SUFFICIENCY OF EVIDENCE—INSTRUCTIONS—NEW TRIAL —NEWLY DISCOVERED EVIDENCE.

1. Where there is sufficient evidence, if uncontradicted, to justify a conviction, a verdict and judgment based thereon will not be reversed because of conflict in the testimony.

2. Persons concerned in the commission of a crime, whether they directly commit the act constituting the offense or aid and abet in its commission, should be charged and tried as principals.

3. All instructions given in a case must be read and considered together, and where, taken as a whole, they correctly state the law and are not inconsistent, but may be reasonably and fairly harmonized, it will be assumed that the jury gave due consideration to the whole charge and was not misled by an isolated portion, which, considered alone, does not fully and clearly state the law applicable to the facts in the case.

4. Where affidavits of newly discovered evidence are merely cumulative or corroborative of testimony introduced at the trial, the order of the court denying a motion for a new trial will not be reversed upon appeal.

[As to what is cumulative evidence within rule excluding it when offered as newly discovered evidence in support of motion for new trial, see note in Ann. Cas. 1913D, 157.]

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Defendants were convicted of grand larceny. *Affirmed.*

Guthrie & Bowen and H. C. Hazel, for Appellants.

"The court should not place a particular witness in undue prominence by charging the jury to find according to their belief or disbelief in his evidence." (1 Blashfield's Instructions to Juries, p. 347; *Thompson v. State,* 106 Ala. 67, 17 So. 512; *Fraser v. Haggerty,* 86 Mich. 521, 49 N. W. 616; *Chase v. Buhl Iron Works,* 55 Mich. 139, 20 N. W. 827; *People v. Simpson,* 48 Mich. 474, 12 N. W. 662; *Dolan v. President etc. Delaware & H. Canal Co.,* 71 N. Y. 285; *McGrath v. Metropolitan Life Ins. Co.,* 42 Hun (N. Y.), 655, 6 N. Y. St. 376; *Jackson v. Greene County Commrs.,* 76 N. C. 282; *Willey v. Gatling,* 70 N. C. 410; *Brem v. Allison,* 68 N. C. 412.)

T. A. Walters, Atty. Genl., J. P. Pope, Asst. Atty. Genl., Edwin H. Snow and Laurel Elam, for Respondent.

Where there is a substantial conflict in the evidence the verdict of the jury will not be disturbed upon appeal. (*Baker v. First Nat. Bank,* 25 Ida. 651, 139 Pac. 565; *Tilden v. Hubbard,* 25 Ida. 677, 138 Pac. 1133; *Henry Gold Mining Co. v. Henry,* 25 Ida. 333, 137 Pac. 523; *Hufton v. Hufton,* 25 Ida. 96, 136 Pac. 605; *Montgomery v. Gray,* 26 Ida. 583, 586, 144 Pac. 646.)

MORGAN, J.—Appellants were convicted of the larceny of a certain cow, the property of H. P. Larson. From the judgment of conviction and from an order denying their motion for a new trial they have appealed to this court.

The assignments of error question the sufficiency of the evidence to sustain the verdict, and it is particularly urged that appellant, Atkinson, is not shown to have unlawfully participated in taking the animal, nor to have been in any manner connected with the commission of the crime.

It appears from the record that for about four years prior to the arrest of appellants, they had been residing upon what is known as the Curtis homestead where the cow was slaughtered.   H. M. Pinkham, a witness for the state, testified that in December, 1914 (the exact date he was unable to fix), while he was employed by appellants, Curtis, early in the morning, left the place and Mrs. Atkinson stated he was going to the hills to get one of his steers; that later in the day he returned, driving two head of cattle; that as he approached the premises Mrs. Atkinson took two cows from the corral and drove them out to meet the cattle Curtis was driving in order to lure them into the corral; that one of the animals driven by Curtis escaped but the other, being the cow alleged to have been stolen, and described by the witness as "a white-faced cow, crop off right ear, light red with bob-tail," was driven into the corral and was thereafter tied in the stable by appellants and the witness, and late in the afternoon was slaughtered and skinned by Curtis and Pinkham, and that Mrs. Atkinson assisted in dressing the carcass.   Pinkham further testified that in the evening of the day the animal was killed he noticed the hide in the manger; that next morning it was gone and he observed that a pile of manure near the stable had been disturbed; that on the day following the killing of the animal appellants took half of the carcass to Twin Falls and, upon their return, Mrs. Atkinson told the witness she had spent nearly all of her share of the proceeds of the sale of the beef, amounting to $15.   Pinkham further testified that he was acquainted with the cattle belonging to appellants and that the animal slaughtered was not one of them; that his suspicions were aroused and on or about January 12, 1915, he reported the matter to the prosecuting attorney of Twin Falls county.   A search of the Curtis premises was made on January 14, and resulted in the discovery, in the manure pile, of 19 pieces of hide and the feet of a cow brute, which Pinkham identified as being the hide and feet of the animal slaughtered by himself and appellants.   Larson identified the hide as that of his cow, basing his identification upon the color, a portion of his brand found upon one piece of the hide, and

a bobbed tail which was also found in the manure pile.  Pinkham testified that after appellants were arrested he had a conversation with Mrs. Atkinson in which she asked him to repudiate certain statements he had made concerning the transaction and to lay the blame wholly upon Curtis.

Appellants introduced evidence contradictory of that produced by the state, tending to show that the cow which was killed belonged to them and that they knew nothing of the hide found in the manure pile.  It was also shown that in the event of their conviction Pinkham expected to receive a reward of $500 from the cattlemen's association.

It has been repeatedly held, and may be said to be the established rule in this state, that where sufficient evidence is introduced, if uncontradicted, to justify a conviction, a verdict and judgment based thereon will not be reversed because of conflict in the testimony.  (*State v. Nesbit,* 4 Ida. 548, 43 Pac. 66; *State v. Silva,* 21 Ida. 247, 120 Pac. 835; *State v. Downing,* 23 Ida. 540, 130 Pac. 641; *State v. Hopkins,* 26 Ida. 741, 145 Pac. 1095; *State v. Bouchard,* 27 Ida. 500, 149 Pac. 464; *State v. Mox Mox,* 28 Ida. 176, 152 Pac. 802.)

While the record discloses that the animal slaughtered was first in possession of Curtis, and afterward of both the appellants, it also clearly appears that Mrs. Atkinson assisted in bringing it off the range, in butchering and disposing of it. They were in partnership in the stock business and she knew their cattle as well as he did.  Appellants do not contend they were mistaken in the identity of the animal slaughtered, their defense is that it belonged not to Larson, but to themselves. Mrs. Atkinson's connection with the larceny is fully covered by sec. 6342, Rev. Codes, wherein it is provided:

"All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly committed the act constituting the offense or aided and abetted in its commission, . . . . are principals in any crime so committed."

Whether she was directly responsible for the original taking or aided and abetted in it, she was properly charged and

tried as a principal under the provisions of sec. 7697, Rev. Codes, which is as follows:

"The distinction between an accessory before the fact and a principal, and between principals in the first and second degree, in cases of felony, is abrogated; and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, shall hereafter be prosecuted, tried and punished as principals, and no other facts need be alleged in any indictment against such an accessory than are required in an indictment against his principal."

The action of the trial judge in giving certain instructions to the jury is assigned as error. The portions of the charge complained of will not be quoted here nor commented upon at length. Certain of the instructions given, and parts of others, taken alone, which are relied upon by appellants for a reversal, do not fully and correctly state the law, but read and construed in the light of the entire charge given to the jury they are not misleading and do not constitute prejudicial error.

All the instructions given in a case must be read and considered together and where, taken as a whole, they correctly state the law and are not inconsistent, but may be reasonably and fairly harmonized, it will be assumed that the jury gave due consideration to the whole charge and was not misled by an isolated portion thereof. (*Osborn v. Cary*, 28 Ida. 89, 152 Pac. 473; *Cady v. Keller*, 28 Ida. 368, 154 Pac. 629; *Taylor v. Lytle*, 29 Ida. 546, 160 Pac. 942; *State v. Curtis*, 29 Ida. 724, 161 Pac. 578.)

One of the assignments of error brings before us for review an exception taken by appellants to a portion of the argument of counsel for the state wherein the conversation between Pinkham and Mrs. Atkinson, after the arrest, was referred to as a confession. Whether or not her statements, on that occasion, amounted to an admission against interest, or confession, was a legitimate subject for argument and we cannot imagine that the jury was in any manner misled by the remarks of counsel.

In support of their motion for a new trial appellants filed affidavits of newly discovered evidence, which, however, tend only to corroborate testimony produced by them at the trial. Where affidavits of newly discovered evidence are merely cumulative or corroborative of testimony introduced at the trial, the order of the court denying a motion for a new trial will not be reversed upon appeal. (*People v. Biles,* 2 Ida. (103) 114, 6 Pac. 120; *State v. Davis,* 6 Ida. 159, 53 Pac. 678.)

The judgment and order appealed from are affirmed.

Budge, C. J., and Rice, J., concur.