(October 31, 1923.)

STATE, Respondent, v. FRANK KEYSER, Appellant.

[219 Pac. 775.]

CRIMINAL LAW—APPEAL—DENIAL OF CHANGE OF VENUE—REVIEW—BILL
OF EXCEPTIONS—PREJUDICIAL REMARK BY COURT—OBJECTION—EX-
CEPTION — WAIVER — CONFLICT IN EVIDENCE — SUFFICIENCY OF EVI-
DENCE.

1. Alleged error in denying a motion for change of venue must
be presented by bill of exceptions.

2. Error cannot be predicated upon remark of court in response
to question by juryman, in absence of objection made, and excep-
tion saved, at the time.

3. Where there is a substantial conflict, but the evidence taken
as a whole is sufficient to sustain the verdict, a judgment of con-
viction will be affirmed.

APPEAL from the District Court of the Sixth Judicial
District, for Custer County. Hon. Ralph W. Adair, Judge.

Judgment of conviction of rape. *Affirmed.*

W. W. Adamson, for Appellant.

On motion for continuance, when defendant makes affida-
vits as to the testimony expected to be obtained from such
witnesses, and if the adverse party thereupon admits, in
order to avoid a continuance, that it be considered "as
actually given on the trial," which was done in this case,
then it is error, when the jury returns for further instruc-
tions and asks the further reading of the affidavits and their
source, for the court to state that they are merely the affi-
davits of defendant, and to refuse and neglect to advise and
admonish the jury that the testimony in such affidavits must
be considered as actually given by the witnesses themselves,
and given the same weight as if the witnesses themselves
were present on the stand and so testified under oath. (C. S.,
sec. 6840; *Territory v. Guthrie,* 2 Ida. 432, 17 Pac. 39.)

A. H. Conner, Attorney General, and James L. Boone, Assistant, for Respondent.

In order to review the action of the trial court in denying a motion for change of venue it is necessary that an exception be saved to the order of the court and incorporated in the bill of exceptions. (C. S., secs. 9009, 9010; *State v. Reed*, 3 Ida. 554, 32 Pac. 202; *State v. Maguire*, 31 Ida. 24, 169 Pac. 175.)

Where there is a substantial conflict in the evidence but which taken as a whole is sufficient to sustain the verdict, the appellate court will not disturb the judgment found on the verdict. (*State v. Carlson*, 23 Ida. 545, 130 Pac. 463; *State v. Hopkins*, 26 Ida. 741, 145 Pac. 1095; *State v. Bouchard*, 27 Ida. 500, 149 Pac. 464; *State v. Mox*, 28 Ida. 176, 152 Pac. 802; *State v. Steen*, 29 Ida. 337, 158 Pac. 499; *State v. Suennen*, 36 Ida. 219, 209 Pac. 1072.)

Where the accused has knowledge of any irregularity during the course of the trial, he must avail himself of the earliest opportunity to object thereto or he will be deemed to have waived the objection. (16 C. J., p. 836, sec. 2111.)

McCARTHY, J.—This is an appeal from a judgment convicting appellant of rape alleged to have been committed upon the person of one Vesta Daugherty. It is contended that the court erred as follows: First, in overruling appellant's motion for a change of venue; second, in advising the jury that parts of appellant's affidavits in support of his motion for continuance, setting forth what certain absent witnesses would testify to, and introduced in evidence upon the state's admitting that they would so testify, were the affidavits of appellant, and neglecting to instruct them that they should be considered as the testimony of said witnesses. The third assignment of error is that the evidence is insufficient to support the verdict and judgment in that (1) the testimony of the prosecutrix was contradictory and uncorroborated, (2) that the testimony of the prosecutrix was impeached.

Subdiv. 1 of C. S., sec. 9009, provides that exceptions may be taken by a defendant to a decision of the court refusing to grant a motion for a change in the place of trial. C. S., sec. 9013, provides that a transcript of the evidence, proceedings and exceptions on the trial may be used in reviewing proceedings had during the trial. In order to procure a review of an order or ruling of the court not made upon the trial, such as those mentioned in C. S., secs. 9008 and 9009, appellant must preserve and present his exception by a bill of exceptions. (*State v. Maguire*, 31 Ida. 24, 169 Pac. 175.) This appellant has not done, and therefore the question as to whether the trial court erred in denying his motion for a change of venue is not before this court for review.

Appellant moved for a continuance in order to secure the testimony of Lulu Johnson and Claude McKendrick, setting up in his supporting affidavit what they would testify to. Respondent resisted the motion and admitted that if these witnesses were present they would testify as claimed by appellant. Thereupon the motion was properly denied. (C. S., sec. 6840; *State v. Fleming*, 17 Ida. 471, 106 Pac. 305.) No instruction was requested and none was given as to the effect of this. However, in reading the parts of the affidavits which were admitted by the court, appellant's counsel stated that respondent admitted the witnesses would so testify if present. After the jury had retired they came into court and asked that the affidavits be read to them again, stating they would like further instructions in regard to the matter. The court then stated to them that the state admitted the witnesses would testify as represented in the affidavits and that the same might be considered as given upon the witness-stand. One of the jurors then asked the court, "That is just Frank Keyser's [the appellant's] affidavit?" to which the court responded "Yes." To this appellant made no objection and took no exception. The court's answer to the juror's question, standing by itself, might have been misunderstood by the jury. We think that is hardly likely, however, in view of the fact that the court had previously stated to the jury that the statements in the affidavits, admitted in evidence, should be considered as evidence

given upon the witness-stand. Even if the action of the court constituted error, appellant cannot rely upon it as ground for reversal in view of the fact that he made no objection and took no exception.

"It is incumbent upon the defendant in a criminal case, as it is upon a party in a civil action, if he would take advantage on appeal of the commission of an error during the progress of his trial, to make his objection and save his exception at the time when the error or irregularity was committed, and he is not permitted to await the action of the jury, and after an adverse verdict has been rendered assign as error alleged misconduct of the jury which was known to him at the time, and by reason thereof be granted a new trial." (*State v. Baker*, 28 Ida. 727, 156 Pac. 103.)

The above applies to an error of the court as well as misconduct of the jury. If appellant had objected, the court could have, and undoubtedly would have, given a further instruction removing any possibility of misunderstanding. Appellant could not remain silent and speculate upon the chances of a verdict in his favor, and then raise the objection which he should have made upon the trial.

As to the sufficiency of the evidence the testimony of the prosecutrix is corroborated by letters and statements of appellant introduced in evidence. An attempt was made to impeach her, but whether or not it was successful was a question for the jury. (*State v. Hopkins*, 26 Ida. 741, 145 Pac. 1095; *State v. Driskill*, 26 Ida. 738, 145 Pac. 1095.) Where there is a substantial conflict, but the evidence taken as a whole is sufficient to sustain the verdict, the judgment will be affirmed. (*State v. Hopkins, supra; State v. Bouchard*, 27 Ida. 500, 149 Pac. 464; *State v. Mox Mox*, 28 Ida. 176, 152 Pac. 802; *State v. Steen*, 29 Ida. 337, 158 Pac. 499; *State v. Suennen*, 36 Ida. 219, 209 Pac. 1072.) It would serve no useful purpose for us to analyze the evidence in detail. Suffice it to say that as a whole it is sufficient to sustain the verdict and judgment.

The judgment is affirmed.

Budge, C. J., and Dunn, William A. Lee and Wm. E. Lee, JJ., concur.